IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

PHILIP GERARD TURNER                                                  PLAINTIFF

VS.                                          CAUSE NO. <u>3:21-cv-289-HTW-LGI</u>

AKILLIE MALONE OLIVER, INDIVIDUALLY
AND IN HER OFFICIAL CAPACITY AS DISTRICT ATTORNEY,
YAZOO COUNTY DISTRICT ATTORNEY'S OFFICE,
THE STATE OF MISSISSIPPI,
AND UNKNOWN DEFENDANTS A-D                                 DEFENDANTS

<u>AMENDED COMPLAINT (with Discovery Attached)</u>

COMES NOW, Plaintiff, Philip Gerard Turner, by and through his Attorney, and files this his Complaint, against the defendants Akillie Malone Oliver, Individually and in Her Official Capacity as District Attorney, Yazoo County District Attorney's Office, The State of Mississippi, and Unknown Defendants A-D, and in support of same states as follows:

1. Plaintiff Philip Gerard Turner is an adult resident of Madison County, Mississippi.

2. Defendant Akillie Malone Oliver is the District Attorney for the 21st District of Mississippi, serving Holmes, Humphreys, and Yazoo Counties. This Defendant may be served with process at her home address of 265 Dixon King Road, Benton, MS 39039 or at her Yazoo office address of 209 E Broadway Street, Yazoo City, MS. Defendant Yazoo County District Attorney's Office is a subdivision of the state of Mississippi, and may be served with process by serving its Chief Officer, Akillie Malone Oliver, at her office address of 209 E Broadway Street, Yazoo City, MS. Defendant Oliver and her office are employees of the State of Mississippi and at all times complained herein, were employed by the State of Mississippi; thus, the State of Mississippi is made a Defendant and may be served with process by serving Lynn Fitch, Mississippi Attorney General at her address of 550 High Street, Jackson, MS 39201. Unknown Defendants A-

1

D are those persons, firms, or legal entities whose wrongful conduct as set forth in the complaint caused or contributed to the Plaintiff's injuries and/or damages and who were acting both individually and by and through their employees, agents, and/or representatives who are unknown to the Plaintiff; whose true names and identities will be added by amendment when ascertained; separately, severally, combined and individually.

3. There is federal question jurisdiction under 28 U.S.C. §1331, and civil rights jurisdiction under 28 U.S.C. §1343 for causes of action arising under the Fourth and Fourteenth Amendments of the United States Constitution. This civil action is also brought pursuant to Miss. Code Ann. §11-46-11 and arises out of negligence, defamation of character, slander, malicious prosecution and selective prosecution, violations of Due Process and the Equal Protection Clause of the United States Constitution. An amended notice of claim was delivered via certified mail to the defendants on or about December 30, 2020, and the liability carrier for the Defendants mailed a letter dated January 5, 2021, acknowledging receipt of same. Venue is proper in the Southern District of Mississippi because Defendants are located in this District and the events, actions, or omissions giving rise to the claims herein occurred in the Southern District of Mississippi.

4. Philip Gerard Turner was employed with the Yazoo County School District and served as Vice Principal of the High School for the 2017-2018 school year and Principal of the High School for the 2018-2019 school year, and part of the 2019-2020 school year until on or about March 2020. At all times, Defendant Oliver's son was a student at Yazoo County High School, where Turner served as Principal. Over the years, Turner disciplined Oliver's son—much to Oliver's displeasure, and she made that displeasure known in the district. In addition, Oliver accused Turner of hitting her son's head on a locker and injuring him to the point of blood being drawn. On another

occasion in 2019, Turner had Oliver and her husband escorted from his office because of their unruly behavior.

5. On August 30, 2019, student J.B. alleged to have been assaulted at the High School by, Officer Carter, the School Resource Officer. Oliver reported to the campus of Yazoo County High School with an investigator from her office and conducted her own investigation. Oliver attempted to implicate Turner in the assault of the child, but none of the witnesses corroborated her theory of assault. Oliver scheduled a probable cause hearing on or about September 19, 2019 for the school resource officer on one count of aggravated assault. Oliver subpoenaed Turner to testify at the probable cause hearing of Officer Carter. At some point during the probable cause hearing, Oliver advised that Principal Turner was a possible defendant in the action. As such, counsel for Principal Turner informed Oliver that Principal Turner would be invoking his 5th Amendment right and refusing to testify. Oliver was outraged at Turner exercising his constitutional right and emphatically asked his counsel, "So the Administrator of the building is refusing to testify on a student matter?" Oliver then told counsel, "**That** is going to cause some problems."

6. Because of the animosity against Turner, Oliver determined to retaliate against him. Defendant Oliver initiated malicious false charges against Turner, and over four months after Officer Carter's probable cause hearing, an indictment was filed on January 31, 2020, charging Turner with Accessory after the Fact to Felonious Child Abuse. On more than one occasion, Oliver was questioned about the legitimacy of the charge and/or urged to drop the charges by the authorities who were investigating the matter and members of her staff.

7. Through false statements and withholding of material facts, Oliver caused Turner to be arrested and indicted by a grand jury.

3

8. Oliver obtained the indictment by failing to state the correct information and by failing to inform the grand jury that Turner immediately notified the minor's parents when he alleged to be injured, and Turner immediately notified the School Superintendent and even the youth court judge of the incident. The Defendants further withheld exculpatory evidence and presented misleading information to the grand jury by stating that Turner helped Officer Carter evade arrest by testifying at the Youth court matter involving the juvenile. This was simply untrue and there was no factual basis to support such an allegation. In addition, the defendants selectively prosecuted Turner although they were aware that Turner, the Superintendent, Assistant Superintendent, and other Administrators were aware of the same information and none of these people, the defendants included, reported the alleged abuse to Child Protective Services. Furthermore, the defendants maliciously secured an indictment on Turner without subpoenaing any witnesses on his behalf for the grand jury. Specifically, the three witnesses at grand jury, Deputy Gann, Investigator with the Yazoo County Sheriff's Department, Mrs. White, and Mrs. Peterman, both teachers at Yazoo County High School, admitted that they were not asked any questions about the Plaintiff at grand jury. On August 27, 2020, in a pre-trial hearing before Judge Barry Ford, the three grand jury witnesses testified that all of the questions asked of them centered around Officer Carter at grand jury. In fact, they further admitted they were subpoenaed to testify in grand jury for the indictment of Officer Carter, not the Plaintiff. The defendants purposely and maliciously neglected to ask the witnesses questions about the Plaintiff because their testimony would have exonerated him and prevented them from securing the Grand Jury Indictment. At all relevant times, the Defendants knew there was no probable cause for Plaintiff's indictment, yet they purposely and maliciously withheld material information in order to secure an arrest and indictment of Plaintiff. The evidence presented in the discovery barely supported the misdemeanor charge of Failure to Report, **at best**.

4

There was *never* sufficient evidence to support a felony indictment for accessory after the fact to felonious child abuse. A copy of the indictment against Plaintiff is attached hereto as Exhibit "A."

9. After the Plaintiff was indicted, the undersigned filed a Motion to Recuse Defendant Oliver and her office on February 3, 2020. Judge Lewis-Blackmon conducted a hearing on the Motion on March 16, 2020, and after the hearing, she recused Defendant Oliver and her office and appointed the Mississippi Attorney General's Office to prosecute the Plaintiff's case. *See Order of Recusal attached as Exhibit "B."*

10. Defendant Oliver did not want to accept Judge Lewis-Blackmon's ruling to recuse her, so she filed an appeal with the Mississippi Supreme Court asking them to reverse Judge Lewis-Blackmon's decision and allow her to prosecute Turner. Counsel for Turner responded in opposition to her motion, and the Supreme Court of Mississippi denied the Defendant's appeal, upholding Judge Blackmon's order recusing her and appointing the Mississippi Attorney General. *See Order attached as Exhibit "C."*

11. The Mississippi Attorney General's Office took over the Plaintiff's case and began a thorough investigation. After their investigation, the Mississippi Attorney General's Office confirmed there was insufficient evidence to support the indictment against The Plaintiff. In fact, the Mississippi Attorney General's Office filed a Motion to Dismiss the Indictment with prejudice stating, "there is insufficient evidence to support the charge." *See Motion and Order attached as Exhibit "D."*

12. The Defendants' actions against Plaintiff were not taken for any legitimate purpose or to bring him to justice but were because of the malice and ill-will of Defendant Oliver.

13. The claims for slander and defamation are based in part on the defaming

5

statements the Defendant published in her response to Plaintiff's motion to recuse her and statements she made to news media and others where she blatantly lied by stating that the Plaintiff had been "expelled from high school, kicked off the basketball team at Mississippi State University, and received several complaints and/or convictions prior to his becoming Principal," among other things. *See Response attached as Exhibit "E."*

14. Defendants are liable to Plaintiff for the torts of abuse of process, malicious prosecution, selective prosecution, false arrest and imprisonment, slander, negligence, gross negligence, intentional infliction of emotional distress, negligent infliction of emotional distress, and violations of Due Process and the Equal Protection Clause of the United States Constitution. Turner's Fourteenth Amendment right to be free from arbitrary governmental action has been violated. Plaintiff's Fourth and Fourteenth Amendment rights to be free from arrest without probable cause, and from abuse of process, and from malicious prosecution have been violated.

15. Plaintiff has suffered mental anxiety and stress, incurred attorney's fees, paid a bond fee of $30,000.00 and suffered irreparable damage to his reputation.

16. The Defendants' actions are outrageous such that punitive damages are due.

## CAUSES OF ACTION AND CLAIMS FOR RELIEF

17. The Defendants have a duty to be unbiased in their pursuit of justice. They failed to remain unbiased, and they maliciously charged and had the Plaintiff indicted, knowing he was not guilty of Accessory after the Fact to felonious child abuse. The Defendants breached their duty, and because of their malicious actions, the Plaintiff was terminated from his employment, falsely imprisoned, and received damages. The Defendants are liable for the Plaintiff's pain and suffering, damage to his reputation, and loss wages, among other things.

18. The Defendants violated the constitutional rights of Plaintiff by arresting him without probable cause. The Defendants engage in a pattern or practice of arresting people without probable cause or maliciously creating charges and having people arrested out of spite. At all relevant times, the Defendants purposely withheld material information for purposes of having the Plaintiff arrested and charged. This was a violation of his Due Process and Equal Protection rights. The Defendants' actions and/or omissions caused serious, irreparable, and lasting harm, and will continue to suffer irreparable harm in the absence of relief.

The Defendants' actions and inactions caused the pain, suffering, and injuries of Plaintiff and constituted gross negligence because they acted with actual malice when prosecuting the Plaintiff. The Defendants are liable unto Plaintiff jointly and severally for the wrongs complained herein.

## DAMAGES

19. Plaintiff is entitled to recover damages in amount to be assessed by the jury, including but not limited to the following:

a. Actual damages;

b. Pain and suffering;

c. Loss wages;

d. Attorney's fees; and

e. All damages which the jury may determine to be just, taking into consideration all damages of every kind to the Plaintiff.

By reason of the outrageous, egregious, willful, and wanton conduct of the Defendants as alleged herein, Plaintiff is entitled to recover punitive damages in an amount sufficient to punish and deter

the Defendants and others similarly situated from committing the same wrongful acts. Plaintiff thus request punitive damages as to all counts herein above.

## RELIEF DEMANDED

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff demands a judgment of and from Defendants for actual, compensatory, and punitive damages, plus pre-judgment (from the date of the filing of the Complaint) and post-judgment interest, all costs accrued in this action, attorney's fees, and any other relief which the jury deems just or appropriate.

THIS, the 14th day of July 2021.

Respectfully submitted,

Philip Gerard Turner

*/s/ Ashley Harris-Turner*
ASHLEY HARRIS-TURNER, MSB NO. 104621
Attorney for Plaintiff

OF COUNSEL:
The Law Office of Ashley N. Harris, PLLC
P.O. Box 461
Leland, MS 38756
T: 662-580-5161
F: 662-580-5169