IN THE CIRCUIT COURT OF YAZOO COUNTY, MISSISSIPPI

STATE OF MISSISSIPPI

VERSUS  CAUSE: 20-2341

PHILLIP TURNER  DEFENDANT

## STATE'S RESPONSE TO DEFENDANT'S MOTION FOR RECUSAL OF DISTRICT ATTORNEY

**COMES NOW** Plaintiff, The State of Mississippi (the "State"), by and through the attorney of record, District Attorney Malone-Oliver, and respectfully requests that the Court deny Defendant's Motion for Recusal of District Attorney and sanction the Defendant, Phillip Turner's girlfriend and attorney for complete and blatant falsehoods that were relayed to the Court without any factual basis to support the allegations in the frivolous and unfounded Motion that was filed in this matter.

1. In support of this response, the State will show that none of the charge(s) for which the Defendant, Phillip Turner ("Defendant Turner") is indicted has anything to do with the District Attorney's son or family, but solely with the criminal behavior engaged in by the Defendant. The District Attorney has been prosecuting cases for over ten (10) years and it is customary for many defendants to claim a prosecuting attorney may have a vendetta against him or her to deflect his or her own guilt and without any authority whatsoever to support his or her claim. The allegations made on behalf of the Defendant reek with desperation as there is absolutely zero evidence to support the claims asserted in Defendant's Motion. As such, Defendant Turner's Motion should be denied.

2. Moreover, as alleged in Defendant Turner's Motion, District Attorney Oliver has not gone to the Yazoo County School Board on any occasion where she demanded or sought to

1



have Defendant Turner reprimanded or complained of him. Additionally, District Attorney Oliver also has not gone to the Board to attempt to have any action taken against her son reversed. These allegations made by Defendant Turner are completely and totally false.

3. Nevertheless, Defendant Turner was accused of walking into a room and placing his hand around the neck of a District Attorney Oliver's minor child (hereinafter the "Minor"), and once the Minor attempted to remove Defendant Turner's hand from around his neck, Defendant Turner continued to place his hand around the Minor's neck. Defendant Turner's actions were unwelcomed and unwanted, and the Minor made his feelings blatantly clear. However, Defendant Turner continued to pin the Minor against the wall and scratched him in the process, drawing blood, which stained Defendant Turner's shirt. This matter was reported to the school Superintendent, where Defendant Turner admitted that he placed his hand against the Minor's neck and drew blood from him. However, he stated that the was "playing" with him and proceeded to apologize for his actions. District Attorney Oliver merely accepted his apology and moved on.

4. Additionally, District Attorney Oliver was never removed from Defendant Turner's office due to becoming "irate." District Attorney Oliver never raised her voice and was only asked to leave because Defendant Turner could not give a legitimate reason for suspending her son after an incident in which Defendant Turner admitted he failed to conduct an investigation into the matter prior to suspending District Attorney Oliver's son. Nevertheless, after District Attorney Oliver reported the incident to the Superintendent, Defendant *rescinded* the suspension and apologized for his absurd actions.

5. Furthermore, any and all communications ever made to Defendant Turner by District Attorney Oliver were clearly professional and only made in relation to his position of

authority as principal of Yazoo County High School and for no other personal reasons. As to the ridiculous allegation of District Attorney Oliver bringing people to the school on a "field trip" to see Defendant Turner is blatantly false and is too ridiculous to merit a response. However, counsel opposite, who is also the mother of Defendant Turner's children has made outlandish statements in the past about other employees of Yazoo County High School and even gone so far as to call former employee(s) at their place of employment regarding her delusional assessment of someone possibly speaking to Defendant Turner inappropriately.

6. District Attorney Oliver does not have a personal vendetta against Defendant Turner or any other defendant and is only performing her duties as the prosecutor of a criminal allegation which was indicted by the grand jury of Yazoo County. Furthermore, mostly all interactions District Attorney Oliver has had with Defendant Turner were concerning actions taken by Defendant Turner with most of said actions ultimately being reversed or rescinded.

7. Moreover, Defendant Turner was not originally charged by the State. Rather, Defendant Turner was charged only *after* the information was presented to the grand jury, and the grand jury considered whether or not probable cause existed to support the charge, and finding in the affirmative it returned an indictment. If the grand jury would have voted to not indict, the charge would have been dismissed, but instead it found that probable cause existed and Defendant Turner was indicted. Based on the foregoing, Defendant Turner's allegation that the indictment charging him with a crime is the result of some vendetta against him on the part of District Attorney Oliver is completely and totally absurd and is not supported by evidence.

8. This is Defendant Turner's second year as Principal of Yazoo County High School and he has been removed or expelled from other institutions prior to becoming Principal, one being his high school, from which he was expelled and, upon information and belief,

Defendant Turner was also kicked off the basketball team at Mississippi State University. Defendant Turner has also received several criminal complaints and/or convictions prior to his becoming Principal of Yazoo City High School. All of these actions were taken against him simply based on Defendant Turner's unlawful or immoral behavior. Additionally, Defendant Turner has received multiple complaints from employees and parents regarding improper action taken against them by Defendant Turner. To allege that Defendant Turner's indictment on criminal charges is the result a personal vendetta by District Attorney Oliver is simply unfounded given his prior history and all other facts set forth above.

9. The request made by Defendant Turner in his Motion for District Attorney to recuse herself has no basis in Mississippi statutory or common law and therefore it should be denied. Mississippi law clearly states that the intervention of the attorney general into the independent discretion of a local district attorney regarding whether or not to prosecute a criminal case constitutes an impermissible diminution of the statutory power of the district attorney. *See* Miss. Code Ann. §25-31-11(1) (Rev. 2010) ("It shall be the duty of the district attorney to represent the state in all matters coming before the grand juries of the counties within his district and to appear in the circuit courts and prosecute for the state in his districts all criminal prosecutors, and all civil cases in which the state or any county with the district may be interested…").

10. While both the attorney general and the district attorney are constitutional offices of the State of Mississippi, the Mississippi Attorney General is not the local district attorney's boss. Neither the Mississippi Constitution nor common law permits the involuntary disqualification of a duly elected district attorney from the lawful performance of his duty. Any substitution of the attorney general in the district attorney's place and stead would be a

4

contravention of Mississippi law in a case in which no legal grounds for the district attorney's disqualification exists.

11. Moreover, only one statute authorizes intervention by the attorney general. The plain language of Miss. Code § 7-5-53 simply states that the attorney general may assist a local district attorney in the discharge of his or her duties. However, District Attorney Oliver is not seeking the assistance of the attorney general's office.

12. Under the applicable statute, only two scenarios permit the involvement of the attorney general: (1) when required by public service, or (2) when directed by the governor in writing. If one of those apply, the attorney general is to assist the local district attorney but only when assistance is requested. *Williams v. State*, No. 2013-IA-00402-SCT ¶ 21 (Miss. 2013).

13. Moreover Miss. Code Ann. § 25-31-21 (Rev. 2010) lists three situations in which a district attorney pro tempore shall be appointed: (1) the district attorney is absent, (2) the district attorney is unable to perform his duties, or (3) the district attorney is disqualified. In the current scenario none of these three situations are present, nor is District Attorney Oliver seeking the assistance of the Office of the Attorney General.

14. In conclusion, Mississippi law does not permit a trial court to disqualify a duly elected and serving district attorney and replace her with the attorney general when the district attorney has decided in a lawful exercise of her discretion not to recuse.

15. Because, as clearly set forth in the foregoing paragraphs, all allegations in Defendant Turner's Motion are unsupported, false and unfounded, and because Mississippi law does permit a trial court to disqualify a district attorney and substitute the same with the attorney general's office, Defendant Turner's Motion should be denied and sanctions should be imposed on counsel opposite for the frivolous Motion filed which has no basis in fact or law.

**WHEREFORE PREMISES CONSIDERED** the State respectfully requests that this honorable Court deny Defendant Turner's Motion for District Attorney's Recusal and to impose sanctions on opposing counsel for making false, derogatory and unfounded accusations against District Attorney Oliver therein.

This the 5th day of February, 2020.

Respectfully submitted,

/s/: Akillie Malone-Oliver
Akillie Malone-Oliver
District Attorney
21st Circuit Court District

## CERTIFICATE OF SERVICE

I, Akillie Malone-Oliver, District Attorney, do hereby certify that I have filed by MEC this its *Response to Defendant's Motion to Recuse District Attorney* which gave notice to the following:

Ashley Harris
ashleyharrisesq@gmail.com

Tonya Franklin
powell.franklinlaw@yahoo.com

Alecia Thomas
Thomaslawfirm1@bellsouth.net

This the 5th day of February, 2020

/s/: Akillie Malone-Oliver
AKILLIE MALONE-OLIVER
DISTRICT ATTORNEY
21st CIRCUIT COURT DISTRICT