IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

PHILIP GERARD TURNER                                                  PLAINTIFF

V.                                          CAUSE NO. 3:21-cv-289-HTW-LGI

AKILLIE MALONE OLIVER, INDIVIDUALLY
AND IN HER OFFICIAL CAPACITY AS DISTRICT ATTORNEY,
YAZOO COUNTY DISTRICT ATTORNEY'S OFFICE,
THE STATE OF MISSISSIPPI,
AND UNKNOWN DEFENDANTS A-D                          DEFENDANTS

## **DEFENDANTS' MOTION TO DISMISS**

COME NOW, the Defendants Akillie Malone Oliver, Individually and in her Official Capacity as District Attorney, the Yazoo County District Attorney's Office, and the State of Mississippi, by and through their attorney of record, and file this their Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6), and in support thereof would show unto this Court the following, to wit:

1. On July 14, 2021, Plaintiff Philip Gerard Turner ("Turner") filed this suit (Amended Complaint) against Defendants Akillie Malone Oliver, Individually and in Her Official Capacity as District Attorney ("Oliver"), the Yazoo County District Attorney's Office, and the State of Mississippi. Turner claimed violations of Due Process and the Equal Protection Clauses of the United States Constitution. Turner also pled a host of state-law based/common law claims, referenced in connection with Miss. Code Ann. § 11-46-11.[1] Although Plaintiff fails to cite 42 U.S.C. § 1983 (Civil damage action for deprivation of federal rights) or 42 U.S.C. § 1988 (Attorney fees in proceedings in vindication of civil rights), as Plaintiff seeks monetary (rather than equitable) relief, as well as attorney fees, and because jurisdiction is expressly predicated upon 28 U.S.C. § 1343, movants will treat the federal claims as being pled under Section 1983.

---

[1] Slander, defamation, malicious prosecution/selective prosecution and negligence. Amended Complaint [Dkt# 2] at ¶ 3.

2.      The gravamen of Plaintiff Phillip Gerard Turner's federal claims are all grounded in Oliver's District Attorney's Office decision to prosecute Turner, the principal at a public school where Oliver's child once attended. According to the Amended Complaint, witnesses refused to "corroborate [Oliver's] theory of assault" against another public school official, one "Carter," the school resource officer, for an alleged assault against another minor child in Carter's charge (one only identified in the complaint as "J.B"). Amended Complaint at ¶ 5. There are claims that Oliver committed misconduct before a grand jury  (Amended Complaint at ¶ 8) and  participated in the investigation of the claims against Turner prior to indictment  (Amended Complaint  at ¶ 5) out of spite or ill will against Turner. (Amended Complaint at ¶ 4). It is not alleged that Oliver either arrested Turner nor personally participated in his arrest for a charge, later dismissed, of accessory after the fact. (Amended Complaint at ¶ 6).

### Prosecutorial Immunity (Individual Capacity Federal Claims)

3.       As currently pled, none of these claims overcome Oliver's entitlement to absolute prosecutorial immunity. As detailed within her Memorandum of Authorities in Support of this Motion to Dismiss, as to all of the federal claims Turner has attempted to plead in this action, Oliver is entitled to absolute immunity from Turner's claims, arising as they do from her duties as a prosecutor in her role as advocate for the State of Mississippi.  Moreover, because the District Attorney's Office had sufficient or arguable probable cause for the arrest of Turner at all relevant times, all of her actions preliminary to the initiation of Turner's ultimate arrest and prosecution are likewise cloaked with absolute immunity.

Accordingly, all of the Plaintiff's federal claims, arising as they do, out of Oliver's role in prosecuting Turner, to include (1) due process and/or false arrest; (2) equal protection and/or (3) malicious prosecution, should be dismissed with prejudice.

**Qualified Immunity (Individual Capacity Federal Claims)**

4. Alternatively, Plaintiff has failed to plead facts which, if true, would overcome Oliver's claim to qualified immunity and has failed to show how she is not entitled to this defense by establishing, through nonconclusory allegations, that Oliver's allegedly wrongful conduct violated clearly established law. Pleadings that do not allege with factual detail and particularity the basis for the claim, so that the court may determine whether Oliver could not successfully maintain the defense of immunity, are procedurally infirm. Dismissal of Defendant Oliver on this alternative basis is warranted.

**Eleventh Amendment Immunities (Official Capacity State/Federal Claims)**

5. Additionally, because all of the official capacity claims (both state and federal) are subject to Eleventh Amendment immunity, regardless of the relief requested against Oliver in her official capacity (declaratory v. damages), these claims should be dismissed. The State of Mississippi has not consented nor waived its Eleventh Amendment immunity as to claims brought against it in federal court. *See* Miss. Code Ann. § 11-46-1, *et. seq*. As all claims against Oliver in her official capacity are likewise claims against her office, Defendant Yazoo County District Attorney's Office, and against Defendant the State of Mississippi, these claims should be dismissed as well on an Eleventh Amendment basis.

**Section 1983 Persons Subject to Liability (Official Capacity Federal Claims)**

6. Plaintiff is only seeking monetary relief through this action. (Complaint at ¶19(a)-(e)). The exclusive remedy for Plaintiff's damage claims against Defendants for violations of Due Process and the Equal Protection Clauses of the United States Constitution is 28 U.S.C. § 1983. Because neither the Yazoo County District Attorney's Office, the State Of Mississippi, nor Defendant Oliver in her official capacity are "persons" within the meaning of 42 U.S.C.§ 1983, dismissal is warranted on this alternative basis.

### Discretionary Dismissal Pursuant to 28 U.S.C. § 1367(c)(3)
### (State Law Claims)

7.      All of the Plaintiff's federal claims are subject to dismissal.  Pursuant to 28 U.S.C. § 1367(c)(3) dismissal is appropriate where, as here, there is no federal interest advanced by retaining jurisdiction simply to decide any remaining state law-based dispute.

### *Ashcroft v. Iqbal*  Pleading Defense (All Claims)

8.      All of Turner's claims (both state and federal) are insufficiently pled in that the court must infer more than the mere possibility of misconduct on behalf of Oliver, allegedly the result of a personal vendetta against the Plaintiff.  At all times relevant, Oliver is alleged to have been acting wholly within her role as District Attorney.  Even as to Turner's claims of slander and defamation, Oliver is alleged to have acted and/or made statements through pleadings originating in the District Attorney's Office.  Plaintiff has wholly failed to allege how, in particular, Oliver acted outside her role as advocate for the State of Mississippi.  Legal conclusions and conclusory allegations which merely recite the elements of a claim are not well pled factual allegations. Rule 12(b)(6) of the Federal Rules of Civil Procedure requires dismissal of a cause of action when the Plaintiff has failed to state a claim upon which relief can be granted.  Fed.  R.  Civ. P. 12(b)(6).

### Mississippi Tort Claims Act Defenses

9.      In the alternative,  the Mississippi Tort Claims Act provides the exclusive civil remedy for tort actions against the state, its political subdivisions, and its employees.  Governmental employees, such as Oliver may be sued in her official capacity under the MTCA, "but no employee shall be held personally liable for acts or omissions occurring within the course and scope of the employee's duties." Miss. Code Ann. § 11–46–7(2). Miss. Code Ann. § 11-46-9(1)(d) provides that a governmental entity and its employees, acting within the course and scope of their employment or

4

duties, are not liable for "... the exercise or performance or failure to exercise or perform a discretionary function or duty ... whether or not the discretion be abused."  Because Oliver was acting within the course and scope of her employment with the State of Mississippi, in the exercise of "personal deliberation, decision and judgment," Oliver is immune from liability pursuant to Miss. Code Ann. § 11-46-9(1)(d).

10. Moreover, because Oliver, acting in the course and scope of her duties with the Yazoo County District Attorney's Office is entitled to immunity from liability for negligence/gross negligence-based claims pursuant to Miss. Code Ann. § 11-46-7(2), and Turner has failed to factually plead a *prima facie* case for Oliver's liability to Turner for slander, defamation and/or selective prosecution.

11. Additionally and/or alternatively, Plaintiff's claims for slander and/or defamation are judicially privileged and/or barred by the applicable statute of limitations.

12. Additionally and/or alternatively, Plaintiff's claims for malicious prosecution are barred by the existence of probable cause.

WHEREFORE, PREMISES CONSIDERED, Defendants respectfully prays that Defendants' Motion to Dismiss be granted. Defendants incorporate by reference their memorandum of authorities in support of this motion.

Respectfully submitted this the 28th day of July, 2021.

> AKILLIE MALONE OLIVER, INDIVIDUALLY AND IN HER OFFICIAL CAPACITY AS DISTRICT ATTORNEY; YAZOO COUNTY DISTRICT ATTORNEY'S OFFICE; THE STATE OF MISSISSIPPI
>
> By: s/Alan M. Purdie

Alan M. Purdie, MSB# 4533
PURDIE & METZ, PLLC
Post Office Box 2659
Ridgeland, Mississippi 39158
Telephone: (601) 957-1596
Facsimile:  (601) 957-2449
E-mail:      apurdie@purdieandmetz.com

## **CERTIFICATE OF SERVICE**

I, Alan Purdie, hereby certify that I have this date electronically filed the foregoing document with the Clerk of Court using the CM/ECF System, which sent notification of such filing to all attorneys of record.

This, the 28th day of July, 2021.

By: /s/ Alan Purdie