IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

PHILIP GERARD TURNER                                        PLAINTIFF

V.                                     CAUSE NO. 3:21-cv-289-HTW-LGI

AKILLIE MALONE OLIVER, INDIVIDUALLY
AND IN HER OFFICIAL CAPACITY AS DISTRICT ATTORNEY,
YAZOO COUNTY DISTRICT ATTORNEY'S OFFICE,
THE STATE OF MISSISSIPPI,
AND UNKNOWN DEFENDANTS A-D                          DEFENDANTS

## **MOTION TO STAY DISCOVERY**

       COME NOW, the Defendants District Attorney Akillie Malone Oliver, Individually and in her Official Capacity as District Attorney, the Yazoo County District Attorney's Office, and the State of Mississippi, by and through their attorney, and file this their Motion to Stay Discovery pending resolution of their Motion to Dismiss pursuant to L.U.Civ.R. 16.1 (b)(3) and Rule 26(d)(1) of the Federal Rules of Civil Procedure, and in support thereof, would respectfully show unto this Honorable Court the following, to-wit:

       1.     That on July 14, 2021, Plaintiff filed his Amended Complaint with this Court, alleging various state-law and federal-law based claims against the District Attorney, individually and officially, the State of Mississippi, the Yazoo County District Attorneys Office, and other unknown defendants. *See* Amended Complaint [Dkt# 2] at ¶ 3. Plaintiff references claims arising out of the "Fourth and Fourteenth Amendments" as well as "violations of Due Process and the Equal Protection Clause of the United States Constitution." *Id.* A host of state-law based/common law claims are also referenced in connection with Miss. Code Ann. § 11-46-11. Although Plaintiff fails to cite 42 U.S.C. § 1983 (Civil damage action for deprivation of federal rights) or 42 U.S.C. § 1988 (Attorney fees in proceedings in vindication of civil rights), as Plaintiff seeks monetary (rather than equitable) relief, as well as attorney fees, and because jurisdiction is expressly predicated upon 28 U.S.C. § 1343, movants treat the federal claims as being pled under Section 1983.

2. That contemporaneously with the filing of the Amended Complaint, Plaintiff propounded discovery to all of the Defendants. A true and accurate reproduction of this discovery is attached hereto as Exhibit "A." Plaintiff's discovery is premature and improper under Fed. R. Civ. P. 26(d)(1) and therefore, should be struck or stayed.

3. That all of the allegations against District Attorney Oliver are predicated upon her work as a public official of the State of Mississippi. As District Attorney of Yazoo County, Mississippi, she is entitled to certain immunities from both discovery, as well as trial, on the federal claims pled, to be discussed in the accompanying Memorandum of Authorities in support of this Motion to Stay. Suffice it to say here, the gravamen of Plaintiff Phillip Gerard Turner's ("Turner") federal claims are all grounded in Oliver's District Attorney's Office decision to prosecute Turner, the principal at a public school where Oliver's child once attended. According to the Complaint, witnesses refused to "corroborate [Oliver's] theory of assault" against another public school official, one "Carter," the school resource officer, for an alleged assault against another minor child in Carter's charge (one only identified in the complaint as "J.B"). Amended Complaint at ¶ 5. Allegedly, Oliver wanted these witnesses to "implicate Turner in the assault of the child." *Id.*

4. That as detailed within her Motion to Dismiss, as to all of the federal claims Turner has attempted to plead in this action, Oliver is entitled to absolute immunity from Turner's claims, arising as they do from the duties of the prosecutor in her role as advocate for the State of Mississippi, as well as in her actions preliminary to the initiation of Carter's and Turner's ultimate prosecutions.

5. Additionally, because all of the official capacity claims (both state and federal) are subject to Eleventh Amendment immunity, regardless of the relief requested against Oliver in her official capacity (declaratory v. damages), discovery should be stayed as to all named Defendants pending resolution of the Motion to Dismiss District Attorney Oliver in her official capacity, the Yazoo County District Attorney's Office and the State of Mississippi .

6. Additionally, because neither the Yazoo County District Attorney's Office, the State Of Mississippi nor Defendant Oliver in her official capacity are "persons" within the meaning of 42 U.S.C. § 1983, discovery should be stayed as to all named Defendants pending resolution of this issue.

7. That dismissal of all of the state claims against Defendants pursuant to 28 U.S.C. § 1367(c)(3) is appropriate where, as here, there is no federal interest advanced by retaining jurisdiction simply to decide any remaining state law-based dispute. This is also a question of law for the Court to decide.

8. That, in the alternative, the Mississippi Tort Claims Act provides the exclusive civil remedy for tort actions against the state, its political subdivisions, and its employees. Governmental employees, such as District Attorney Oliver may be sued in her official capacity under the MTCA, "but no employee shall be held personally liable for acts or omissions occurring within the course and scope of the employee's duties." Miss. Code Ann. § 11–46–7(2).

9. That, in the alternative, Miss. Code Ann. § 11-46-9(1)(d) provides that a governmental entity and its employees, acting within the course and scope of their employment or duties, is not liable for "... the exercise or performance or failure to exercise or perform a discretionary function or duty ... whether or not the discretion be abused." Because District Attorney Oliver was acting within the course and scope of her employment with the State of Mississippi, in the exercise of "personal deliberation, decision and judgment," District Attorney Oliver is immune from liability pursuant to Miss. Code Ann. § 11-46-9(1)(d).

10. That, in the alternative, District Attorney Oliver, acting in the course and scope of her duties with the Yazoo County District Attorney's Office, is entitled to immunity from liability for negligence-based claims pursuant to Miss. Code Ann. § 11-46-7(2).

11. That in the alternative, Turner has failed to factually plead a *prima facie* case for District Attorney Oliver's liability to Turner for slander, defamation and/or selective prosecution.

12. That because the Defendants' Motion to Dismiss is predicated entirely upon a pure (unmixed) questions of law – the legal sufficiency of the allegations pled in this action, as well as the Defendants' entitlement to immunity from suit and discovery under the facts as pled, a stay of discovery as to all named Defendants is appropriate, pending resolution of the present motion.

13. Additionally and/or alternatively, pursuant to the Federal Rules of Civil Procedure, this Court has the discretion to stay discovery for "good cause shown." Fed. R. Civ. P. 26(c)(1). A party may demonstrate good cause for a stay of discovery where the disposition of a motion could eliminate the need for the litigants to engage in costly discovery.

14. Contemporaneously with the filing of this Motion, Defendants have filed a Motion to Dismiss all of the claims pled in this action against all served Defendants under traditional Rule 12(b)(6) grounds. The Motion to Dismiss is attached hereto as Exhibit "B." A Rule 12(b)(6) motion tests the legal sufficiency of the Complaint, and a legally insufficient Complaint should not trigger any procedural obligations of the opposing parties pending resolution of the legal dispute at issue.

15. Because Turner has failed to state a colorable claim upon which relief can be granted against Oliver *qua* Prosecutor, the matter should be dismissed on the basis of well established immunity law. Alternatively, in light of the dearth of facts (as opposed to conclusory allegations) contained in the Complaint, the matter should be dismissed on those procedural deficiencies recognized in this Circuit as providing a defense to such conclusory allegations.

16. Resolution of the immunity and pleading defenses set forth in Defendants' Motion to Dismiss should be decided as a threshold issue prior to reaching the question of whether discovery should be allowed in this case. Consequently, a stay of discovery as to all named Defendants should be granted.

WHEREFORE, PREMISES CONSIDERED, Defendants respectfully pray that all discovery be stayed in this action pending resolution of the Defendants' Motion to Dismiss, including the necessity of any response to the discovery attached hereto as Exhibit "A." Defendants incorporate by reference their Memorandum of Authorities in Support of this Motion and rely upon the following exhibits in support of this Motion:

(1) Complaint with attached Discovery, attached hereto as Exhibit A;

(2) Motion to Dismiss, attached hereto as Exhibit B; and,

(3) Memorandum of Authorities in Support of Motion to Dismiss, attached hereto as Exhibit C,

Respectfully submitted this the 28th day of July, 2021.

        AKILLIE MALONE OLIVER, INDIVIDUALLY
        AND IN HER OFFICIAL CAPACITY AS DISTRICT
        ATTORNEY; YAZOO COUNTY DISTRICT
        ATTORNEY'S OFFICE; THE STATE OF
        MISSISSIPPI

        By:   /s/Alan M. Purdie

Alan M. Purdie, MSB# 4533
PURDIE & METZ, PLLC
Post Office Box 2659
Ridgeland, Mississippi 39158
Telephone: (601) 957-1596
Facsimile:   (601) 957-2449
E-mail:      apurdie@purdieandmetz.com

## **CERTIFICATE OF SERVICE**

I, Alan M. Purdie, hereby certify that I have this date electronically filed the foregoing document with the Clerk of Court using the CM/ECF System, which sent notification of such filing to all attorneys of record.

This, the 28th day of July, 2021.

By: /s/ Alan M. Purdie