

DEFENDANT'S
EXHIBIT
"A"

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

PHILIP GERARD TURNER                                    PLAINTIFF

VS.                                    CAUSE NO. <u>3:21-cv-289-HTW-LGI</u>

AKILLIE MALONE OLIVER, INDIVIDUALLY
AND IN HER OFFICIAL CAPACITY AS DISTRICT ATTORNEY,
YAZOO COUNTY DISTRICT ATTORNEY'S OFFICE,
THE STATE OF MISSISSIPPI,
AND UNKNOWN DEFENDANTS A-D                        DEFENDANTS

<u>**AMENDED COMPLAINT (with Discovery Attached)**</u>

COMES NOW, Plaintiff, Philip Gerard Turner, by and through his Attorney, and files this

his Complaint, against the defendants Akillie Malone Oliver, Individually and in Her Official Capacity

as District Attorney, Yazoo County District Attorney's Office, The State of Mississippi, and

Unknown Defendants A-D, and in support of same states as follows:

1. Plaintiff Philip Gerard Turner is an adult resident of Madison County, Mississippi.

2. Defendant Akillie Malone Oliver is the District Attorney for the 21st

District of Mississippi, serving Holmes, Humphreys, and Yazoo Counties.  This Defendant may be

served with process at her home address of 265 Dixon King Road, Benton, MS 39039 or at her

Yazoo office address of 209 E Broadway Street, Yazoo City, MS.  Defendant Yazoo County District

Attorney's Office is a subdivision of the state of Mississippi, and may be served with process by

serving its Chief Officer, Akillie Malone Oliver, at her office address of 209 E Broadway Street,

Yazoo City, MS.  Defendant Oliver and her office are employees of the State of Mississippi and at

all times complained herein, were employed by the State of Mississippi; thus, the State of

Mississippi is made a Defendant and may be served with process by serving Lynn Fitch, Mississippi

Attorney General at her address of 550 High Street, Jackson, MS 39201. Unknown Defendants A-

D are those persons, firms, or legal entities whose wrongful conduct as set forth in the complaint caused or contributed to the Plaintiff's injuries and/or damages and who were acting both individually and by and through their employees, agents, and/or representatives who are unknown to the Plaintiff; whose true names and identities will be added by amendment when ascertained; separately, severally, combined and individually.

3.   There is federal question jurisdiction under 28 U.S. C. §1331, and civil rights jurisdiction under 28 U.S. C. §1343 for causes of action arising under the Fourth and Fourteenth Amendments of the United States Constitution. This civil action is also brought pursuant to Miss. Code Ann. §11-46-11 and arises out of negligence, defamation of character, slander, malicious prosecution and selective prosecution, violations of Due Process and the Equal Protection Clause of the United States Constitution.  An amended notice of claim was delivered via certified mail to the defendants on or about December 30, 2020, and the liability carrier for the Defendants mailed a letter dated January 5, 2021, acknowledging receipt of same. Venue is proper in the Southern District of Mississippi because Defendants are located in this District and the events, actions, or omissions giving rise to the claims herein occurred in the Southern District of Mississippi.

4.   Philip Gerard Turner was employed with the Yazoo County School District and served as Vice Principal of the High School for the 2017-2018 school year and Principal of the High School for the 2018-2019 school year, and part of the 2019-2020 school year until on or about March 2020. At all times, Defendant Oliver's son was a student at Yazoo County High School, where Turner served as Principal. Over the years, Turner disciplined Oliver's son—much to Oliver's displeasure, and she made that displeasure known in the district. In addition, Oliver accused Turner of hitting her son's head on a locker and injuring him to the point of blood being drawn. On another

occasion in 2019, Turner had Oliver and her husband escorted from his office because of their unruly behavior.

5.      On August 30, 2019, student J.B. alleged to have been assaulted at the High School by, Officer Carter, the School Resource Officer.  Oliver reported to the campus of Yazoo County High School with an investigator from her office and conducted her own investigation. Oliver attempted to implicate Turner in the assault of the child, but none of the witnesses corroborated her theory of assault. Oliver scheduled a probable cause hearing on or about September 19, 2019 for the school resource officer on one count of aggravated assault. Oliver subpoenaed Turner to testify at the probable cause hearing of Officer Carter. At some point during the probable cause hearing, Oliver advised that Principal Turner was a possible defendant in the action.  As such, counsel for Principal Turner informed Oliver that Principal Turner would be invoking his 5th Amendment right and refusing to testify. Oliver was outraged at Turner exercising his constitutional right and emphatically asked his counsel, "So the Administrator of the building is refusing to testify on a student matter?"  Oliver then told counsel, "*That* is going to cause some problems."

6.      Because of the animosity against Turner, Oliver determined to retaliate against him. Defendant Oliver initiated malicious false charges against Turner, and over four months after Officer Carter's probable cause hearing, an indictment was filed on January 31, 2020, charging Turner with Accessory after the Fact to Felonious Child Abuse. On more than one occasion, Oliver was questioned about the legitimacy of the charge and/or urged to drop the charges by the authorities who were investigating the matter and members of her staff.

7.      Through false statements and withholding of material facts, Oliver caused Turner to be arrested and indicted by a grand jury.

8.      Oliver obtained the indictment by failing to state the correct information and by failing to inform the grand jury that Turner immediately notified the minor's parents when he alleged to be injured, and Turner immediately notified the School Superintendent and even the youth court judge of the incident. The Defendants further withheld exculpatory evidence and presented misleading information to the grand jury by stating that Turner helped Officer Carter evade arrest by testifying at the Youth court matter involving the juvenile. This was simply untrue and there was no factual basis to support such an allegation. In addition, the defendants selectively prosecuted Turner although they were aware that Turner, the Superintendent, Assistant Superintendent, and other Administrators were aware of the same information and none of these people, the defendants included, reported the alleged abuse to Child Protective Services. Furthermore, the defendants maliciously secured an indictment on Turner without subpoenaing any witnesses on his behalf for the grand jury. Specifically, the three witnesses at grand jury, Deputy Gann, Investigator with the Yazoo County Sheriff's Department, Mrs. White, and Mrs. Peterman, both teachers at Yazoo County High School, admitted that they were not asked any questions about the Plaintiff at grand jury.  On August 27, 2020, in a pre-trial hearing before Judge Barry Ford, the three grand jury witnesses testified that all of the questions asked of them centered around Officer Carter at grand jury. In fact, they further admitted they were subpoenaed to testify in grand jury for the indictment of Officer Carter, not the Plaintiff. The defendants purposely and maliciously neglected to ask the witnesses questions about the Plaintiff because their testimony would have exonerated him and prevented them from securing the Grand Jury Indictment. At all relevant times, the Defendants knew there was no probable cause for Plaintiff's indictment, yet they purposely and maliciously withheld material information in order to secure an arrest and indictment of Plaintiff. The evidence presented in the discovery barely supported the misdemeanor charge of Failure to Report, *at best*.

There was *never* sufficient evidence to support a felony indictment for accessory after the fact to felonious child abuse. A copy of the indictment against Plaintiff is attached hereto as Exhibit "A."

9.      After the Plaintiff was indicted, the undersigned filed a Motion to Recuse Defendant Oliver and her office on February 3, 2020. Judge Lewis-Blackmon conducted a hearing on the Motion on March 16, 2020, and after the hearing, she recused Defendant Oliver and her office and appointed the Mississippi Attorney General's Office to prosecute the Plaintiff's case. *See Order of Recusal attached as Exhibit "B."*

10.      Defendant Oliver did not want to accept Judge Lewis-Blackmon's ruling to recuse her, so she filed an appeal with the Mississippi Supreme Court asking them to reverse Judge Lewis-Blackmon's decision and allow her to prosecute Turner. Counsel for Turner responded in opposition to her motion, and the Supreme Court of Mississippi denied the Defendant's appeal, upholding Judge Blackmon's order recusing her and appointing the Mississippi Attorney General. *See Order attached as Exhibit "C."*

11.      The Mississippi Attorney General's Office took over the Plaintiff's case and began a thorough investigation.  After their investigation, the Mississippi Attorney General's Office confirmed there was insufficient evidence to support the indictment against The Plaintiff. In fact, the Mississippi Attorney General's Office filed a Motion to Dismiss the Indictment with prejudice stating, "there is insufficient evidence to support the charge." *See Motion and Order attached as Exhibit "D."*

12.      The Defendants' actions against Plaintiff were not taken for any legitimate purpose or to bring him to justice but were because of the malice and ill-will of Defendant Oliver.

13.      The claims for slander and defamation are based in part on the defaming

statements the Defendant published in her response to Plaintiff's motion to recuse her and statements she made to news media and others where she blatantly lied by stating that the Plaintiff had been "expelled from high school, kicked off the basketball team at Mississippi State University, and received several complaints and/or convictions prior to his becoming Principal," among other things. *See Response attached as Exhibit "E."*

14.     Defendants are liable to Plaintiff for the torts of abuse of process, malicious prosecution, selective prosecution, false arrest and imprisonment, slander, negligence, gross negligence, intentional infliction of emotional distress, negligent infliction of emotional distress, and violations of Due Process and the Equal Protection Clause of the United States Constitution. Turner's Fourteenth Amendment right to be free from arbitrary governmental action has been violated. Plaintiff's Fourth and Fourteenth Amendment rights to be free from arrest without probable cause, and from abuse of process, and from malicious prosecution have been violated.

15.     Plaintiff has suffered mental anxiety and stress, incurred attorney's fees, paid a bond fee of $30,000.00 and suffered irreparable damage to his reputation.

16.     The Defendants' actions are outrageous such that punitive damages are due.

<u>CAUSES OF ACTION AND CLAIMS FOR RELIEF</u>

17.     The Defendants have a duty to be unbiased in their pursuit of justice. They failed to remain unbiased, and they maliciously charged and had the Plaintiff indicted, knowing he was not guilty of Accessory after the Fact to felonious child abuse. The Defendants breached their duty, and because of their malicious actions, the Plaintiff was terminated from his employment, falsely imprisoned, and received damages. The Defendants are liable for the Plaintiff's pain and suffering, damage to his reputation, and loss wages, among other things.

18.     The Defendants violated the constitutional rights of Plaintiff by arresting him without probable cause. The Defendants engage in a pattern or practice of arresting people without probable cause or maliciously creating charges and having people arrested out of spite. At all relevant times, the Defendants purposely withheld material information for purposes of having the Plaintiff arrested and charged. This was a violation of his Due Process and Equal Protection rights. The Defendants' actions and/or omissions caused serious, irreparable, and lasting harm, and will continue to suffer irreparable harm in the absence of relief.

The Defendants' actions and inactions caused the pain, suffering, and injuries of Plaintiff and constituted gross negligence because they acted with actual malice when prosecuting the Plaintiff.  The Defendants are liable unto Plaintiff jointly and severally for the wrongs complained herein.

## DAMAGES

19.     Plaintiff is entitled to recover damages in amount to be assessed by the jury, including but not limited to the following:

a. Actual damages;

b. Pain and suffering;

c. Loss wages;

d. Attorney's fees; and

e. All damages which the jury may determine to be just, taking into consideration all damages of every kind to the Plaintiff.

By reason of the outrageous, egregious, willful, and wanton conduct of the Defendants as alleged herein, Plaintiff is entitled to recover punitive damages in an amount sufficient to punish and deter

the Defendants and others similarly situated from committing the same wrongful acts.  Plaintiff thus request punitive damages as to all counts herein above.

<u>RELIEF DEMANDED</u>

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands a judgment of and from Defendants for actual, compensatory, and punitive damages, plus pre-judgment (from the date of the filing of the Complaint) and post-judgment interest, all costs accrued in this action, attorney's fees, and any other relief which the jury deems just or appropriate.

THIS, the 14th day of July 2021.

Respectfully submitted,

Philip Gerard Turner

ASHLEY HARRIS-TURNER, MSB NO. 104621
Attorney for Plaintiff

OF COUNSEL:
The Law Office of Ashley N. Harris, PLLC
P.O. Box 461
Leland, MS 38756
T: 662-580-5161
F: 662-580-5169

8

## IN THE CIRCUIT COURT OF YAZOO COUNTY, MISSISSIPPI

**STATE OF MISSISSIPPI**

**VERSUS**                                              CAUSE: _20-2341_

**PHILIP TURNER**                                        **DEFENDANT**

### INDICTMENT

THE GRAND JURORS of the State of Mississippi, taken from the body of the good and lawful men and women of Yazoo County, Mississippi, being duly selected, empaneled, sworn and charged in the Circuit Court of Yazoo County, Mississippi, upon their oaths, present that

### ACCESSORY AFTER THE FACT

**PHILIP TURNER**, did, between the 30TH day of August and September 5, 2019, in Yazoo County, Mississippi, did conceal, receive, or relieve a felon, or having aided or assisted any felon, knowing that the person had committed a felony, child abuse, with intent to enable the felon, Samuel Carter, to escape or to avoid arrest, trial, conviction or punishment after the commission of the felony in violation of Mississippi Code 97-1-5 (1972), as amended, against the peace and dignity of the State of Mississippi.

A TRUE BILL

_____                    _____
GRAND JURY FOREMAN                         ATTORNEY FOR THE STATE

Filed: _Jan. 31_, 2020                     Recorded: _Jan. 31_, 2020
ROBERT COLEMAN, Circuit Clerk              ROBERT COLEMAN, Circuit Clerk

BY: _____                BY: _____

STATE OF MISS., YAZOO CO.
CERTIFIED A TRUE COPY

JAN 3 1 2020

ROBERT COLEMAN, CIRCUIT CLERK
BY: _____ D.C.

EXHIBIT
A

Case 3:21-cv-00289-HTW-LGI   Document 5-2   Filed 07/14/21   Page 1 of 3

Case: 82CI1:20-cr-02341 *SEALED*    Document #: 16    Filed: 05/15/2020    Page 1 of 3

IN THE CIRCUIT COURT OF YAZOO COUNTY, MISSISSIPPI

STATE OF MISSISSIPPI

V.                                                          CAUSE NO. 20-2341

PHILIP TURNER                                                DEFENDANT

### ORDER GRANTING DEFENDANT'S MOTION FOR RECUSAL OF DISTRICT ATTORNEY

THIS CAUSE this day came on for hearing on the motion of the Defendant asking the Court to Recuse the District Attorney from the prosecution thereof, and the Court finds as follows:

1.    That the Defendant, Philip Turner, has been indicted for Accessory After the Fact during the January 2020 grand jury term.

2.    That Akillie Malone Oliver currently serves as the District Attorney for Yazoo County, Mississippi.

3.    That the Defendant previously served as principal and assistant principal for Yazoo County High School where District Attorney Oliver's son, C.M., also attended school. That evidence showed that there were occasions in which the Defendant disciplined Oliver's son and at least one occasion where the Defendant touched Oliver's son around the neck causing blood to be drawn. As a result of each of the encounters between the Defendant and Oliver's son, Oliver verbally expressed her displeasure with the outcome and requested rescissions of her son's disciplinary actions from the Defendant, Superintendent and/or the local school board.

4.    That the Court acknowledges that the State just as judges must uphold the sanctity of the judicial system and remain vigilant about situations that would cause the public to



believe that the State and/or the District Attorney on behalf of the State cannot be faire in prosecuting Defendants brought before the Court.

5.    That based on the evidence presented regarding the interaction between the State and the Defendant, the appearance of impropriety exists and it can easily be judged that the Defendant may not receive a fair and impartial trial under the circumstances.

6.    That according to Miss. Code Ann. § 25–31–21, there are three situations in which a district attorney *pro tempore* shall be appointed: the district attorney is absent, the district attorney is unable to perform his duties, or the district attorney is disqualified. In this case, the Court finds that the District Attorney is disqualified and unable to serve based on her interactions with the Defendant which exhibits an appearance of impropriety, in that the Public may not have confidence in the judicial process affecting the Defendant's right to a fair trial.

7.    That this disqualification of the District Attorney extends to the entire District Attorneys Office for the 21st Judicial District.

8.    That a special prosecutor shall be appointed to handle this matter from henceforth. Upon the appointment thereof, the District Attorney shall have no involvement, directly or indirectly, with the prosecution of this case and shall refrain from communicating with the special prosecutor and his/her staff regarding this case.

     IT IS THEREFORE ORDERED AND ADJUDGED, that the Defendant's motion is well-taken and hereby granted. That District Attorney Akillie Malone Oliver, inclusive of the 21st Judicial District Attorney's Office, is hereby recused from the prosecution of Philip Turner in this case.

IT IS FURTHER ORDERED that a special prosecutor shall be appointed by this Court, and District Attorney Oliver and her office shall not have any involvement, directly or indirectly, with the ongoing prosecution of this case.

SO ORDERED AND ADJUDGED, this the 16 day of _March_, 2020.

CIRCUIT JUDGE

PREPARED FOR THE COURT BY:

The Law Office of Ashley N. Harris, PLLC
P.O. Box 461
Leland, MS 38756
T: 662-580-5161
F: 662-580-5169
Attorney for Defendant

Electronic Document          Jun 30 2020 14:39:10          2020-M-00589-SCT          Pages: 1

Serial: 232470

## IN THE SUPREME COURT OF MISSISSIPPI

### No. 2020-M-00589-SCT

*STATE OF MISSISSIPPI*                                                 *Petitioner*

*v.*

*PHILIP TURNER*                                                        *Respondent*

### ORDER

Before the panel of Kitchens, P.J., Maxwell and Beam, JJ., are the State of Mississippi's Petition for Interlocutory Appeal, and Philip Turner's Answer in Opposition to Petition for Interlocutory Appeal. Also before the panel are the State of Mississippi's Petition for Stay of Trial Court Proceedings During Interlocutory Appeal, and Philip Turner's Response in Opposition to Petition for Stay of Trial Proceedings During Interlocutory Appeal. After due consideration, the panel finds the State's Petition for Interlocutory Appeal should be denied.

IT IS THEREFORE ORDERED that the State of Mississippi's Petition for Interlocutory Appeal is hereby denied.

IT IS FURTHER ORDERED that the State of Mississippi's Petition for Stay of Trial Proceedings During Interlocutory Appeal is dismissed as moot.

SO ORDERED.

DIGITAL SIGNATURE
Order#: 232470
Sig Serial: 100002061
Org: SC
Date: 06/30/2020

James W. Kitchens, Presiding Justice



IN THE CIRCUIT COURT OF YAZOO COUNTY, MISSISSIPPI

STATE OF MISSISSIPPI                                    PLAINTIFF

VS.                                           CAUSE NO. 20-2341

PHILIP TURNER                                          DEFENDANT

## MOTION TO NOLLE PROSEQUI INDICTMENT

COMES NOW, the State of Mississippi and enters its motion to *nolle prosequi* with prejudice the indictment filed against the Defendant referenced above, subject to approval by the Court, and in support of said Motion offers the following:

Upon further investigation, there is insufficient evidence to support the charge.

WHEREFORE, PREMISES CONSIDERED, the State respectfully moves the Court to *nolle prosequi* the indictment with prejudice in this cause.

Respectfully submitted, this the 14th day of October, 2020.

LYNN FITCH
Attorney General of Mississippi

BY: /s/ Jackie R. Bost, II
JACKIE R. BOST, II
Special Assistant Attorney General

Jackie R. Bost, II (MSB No. 102909)
Office of the Attorney General
State of Mississippi
550 High St., Ste. 1100
P.O. Box 220
Jackson, MS 39205-0220
Tel: (601)359-3680
Fax: (601)359-4254
jackie.bost@ago.ms.gov



## CERTIFICATE OF SERVICE

I hereby certify that I have, this day, filed the foregoing document via the Court's electronic filing system, which forwarded an electronic copy to all counsel of record.

This, the 14th day of October, 2020.

/s/ Jackie R. Bost, II
JACKIE R. BOST, II

## IN THE CIRCUIT COURT OF YAZOO COUNTY, MISSISSIPPI

STATE OF MISSISSIPPI                                      PLAINTIFF

VS.                                              CAUSE NO. 20-2341

PHILIP TURNER                                           DEFENDANT

### ORDER

THIS CAUSE having come on for hearing on the State's Motion to Nolle Prosequi Indictment with prejudice filed herein, and the Court, finding same to be reasonable, approves the entry thereof.

SO ORDERED, this the ___15___ day of October, 2020.

_Barry W. Ford_
CIRCUIT JUDGE

Prepared by:
Jackie R. Bost, II (MSB No. 102909)
Office of the Attorney General
State of Mississippi
550 High St., Ste. 1100
P.O. Box 220
Jackson, MS 39205-0220
Tel: (601)359-3680
Fax: (601)359-4254
jackie.bost@ago.ms.gov

IN THE CIRCUIT COURT OF YAZOO COUNTY, MISSISSIPPI

STATE OF MISSISSIPPI

VERSUS                                                    CAUSE: 20-2341

PHILLIP TURNER                                            DEFENDANT

## STATE'S RESPONSE TO DEFENDANT'S MOTION FOR RECUSAL OF DISTRICT ATTORNEY

**COMES NOW** Plaintiff, The State of Mississippi (the "State"), by and through the attorney of record, District Attorney Malone-Oliver, and respectfully requests that the Court deny Defendant's Motion for Recusal of District Attorney and sanction the Defendant, Phillip Turner's girlfriend and attorney for complete and blatant falsehoods that were relayed to the Court without any factual basis to support the allegations in the frivolous and unfounded Motion that was filed in this matter.

1.      In support of this response, the State will show that none of the charge(s) for which the Defendant, Phillip Turner ("Defendant Turner") is indicted has anything to do with the District Attorney's son or family, but solely with the criminal behavior engaged in by the Defendant.  The District Attorney has been prosecuting cases for over ten (10) years and it is customary for many defendants to claim a prosecuting attorney may have a vendetta against him or her to deflect his or her own guilt and without any authority whatsoever to support his or her claim.  The allegations made on behalf of the Defendant reek with desperation as there is absolutely zero evidence to support the claims asserted in Defendant's Motion. As such, Defendant Turner's Motion should be denied.

2.      Moreover, as alleged in Defendant Turner's Motion, District Attorney Oliver has not gone to the Yazoo County School Board on any occasion where she demanded or sought to

1



have Defendant Turner reprimanded or complained of him.  Additionally, District Attorney Oliver also has not gone to the Board to attempt to have any action taken against her son reversed.   These allegations made by Defendant Turner are completely and totally false.

3.     Nevertheless, Defendant Turner was accused of walking into a room and placing his hand around the neck of a District Attorney Oliver's minor child (hereinafter the "Minor"), and once the Minor attempted to remove Defendant Turner's hand from around his neck, Defendant  Turner continued to place his hand around the Minor's neck.  Defendant Turner's actions were unwelcomed and unwanted, and the Minor made his feelings blatantly clear. However, Defendant Turner continued to pin the Minor against the wall and scratched him in the process, drawing blood, which stained Defendant Turner's shirt.  This matter was reported to the school Superintendent, where Defendant Turner admitted that he placed his hand against the Minor's neck and drew blood from him.  However, he stated that the was "playing" with him and proceeded to apologize for his actions.  District Attorney Oliver merely accepted his apology and moved on.

4.     Additionally, District Attorney Oliver was never removed from Defendant Turner's office due to becoming "irate."  District Attorney Oliver never raised her voice and was only asked to leave because Defendant Turner could not give a legitimate reason for suspending her son after an incident in which Defendant Turner admitted he failed to conduct an investigation into the matter prior to suspending District Attorney Oliver's son.  Nevertheless, after District Attorney Oliver reported the incident to the Superintendent, Defendant *rescinded* the suspension and apologized for his absurd actions.

5.     Furthermore, any and all communications ever made to Defendant Turner by District Attorney Oliver were clearly professional and only made in relation to his position of

authority as principal of Yazoo County High School and for no other personal reasons. As to the ridiculous allegation of District Attorney Oliver bringing people to the school on a "field trip" to see Defendant Turner is blatantly false and is too ridiculous to merit a response. However, counsel opposite, who is also the mother of Defendant Turner's children has made outlandish statements in the past about other employees of Yazoo County High School and even gone so far as to call former employee(s) at their place of employment regarding her delusional assessment of someone possibly speaking to Defendant Turner inappropriately.

6.     District Attorney Oliver does not have a personal vendetta against Defendant Turner or any other defendant and is only performing her duties as the prosecutor of a criminal allegation which was indicted by the grand jury of Yazoo County. Furthermore, mostly all interactions District Attorney Oliver has had with Defendant Turner were concerning actions taken by Defendant Turner with most of said actions ultimately being reversed or rescinded.

7.     Moreover, Defendant Turner was not originally charged by the State. Rather, Defendant Turner was charged only *after* the information was presented to the grand jury, and the grand jury considered whether or not probable cause existed to support the charge, and finding in the affirmative it returned an indictment. If the grand jury would have voted to not indict, the charge would have been dismissed, but instead it found that probable cause existed and Defendant Turner was indicted. Based on the foregoing, Defendant Turner's allegation that the indictment charging him with a crime is the result of some vendetta against him on the part of District Attorney Oliver is completely and totally absurd and is not supported by evidence.

8.     This is Defendant Turner's second year as Principal of Yazoo County High School and he has been removed or expelled from other institutions prior to becoming Principal, one being his high school, from which he was expelled and, upon information and belief,

3

Defendant Turner was also kicked off the basketball team at Mississippi State University. Defendant Turner has also received several criminal complaints and/or convictions prior to his becoming Principal of Yazoo City High School. All of these actions were taken against him simply based on Defendant Turner's unlawful or immoral behavior. Additionally, Defendant Turner has received multiple complaints from employees and parents regarding improper action taken against them by Defendant Turner. To allege that Defendant Turner's indictment on criminal charges is the result a personal vendetta by District Attorney Oliver is simply unfounded given his prior history and all other facts set forth above.

9.      The request made by Defendant Turner in his Motion for District Attorney to recuse herself has no basis in Mississippi statutory or common law and therefore it should be denied. Mississippi law clearly states that the intervention of the attorney general into the independent discretion of a local district attorney regarding whether or not to prosecute a criminal case constitutes an impermissible diminution of the statutory power of the district attorney. *See* Miss. Code Ann. §25-31-11(1) (Rev. 2010) ("It shall be the duty of the district attorney to represent the state in all matters coming before the grand juries of the counties within his district and to appear in the circuit courts and prosecute for the state in his districts all criminal prosecutors, and all civil cases in which the state or any county with the district may be interested…").

10.     While both the attorney general and the district attorney are constitutional offices of the State of Mississippi, the Mississippi Attorney General is not the local district attorney's boss. Neither the Mississippi Constitution nor common law permits the involuntary disqualification of a duly elected district attorney from the lawful performance of his duty. Any substitution of the attorney general in the district attorney's place and stead would be a

4

contravention of Mississippi law in a case in which no legal grounds for the district attorney's disqualification exists.

11.     Moreover, only one statute authorizes intervention by the attorney general. The plain language of Miss. Code § 7-5-53 simply states that the attorney general may assist a local district attorney in the discharge of his or her duties. However, District Attorney Oliver is not seeking the assistance of the attorney general's office.

12.     Under the applicable statute, only two scenarios permit the involvement of the attorney general: (1) when required by public service, or (2) when directed by the governor in writing. If one of those apply, the attorney general is to assist the local district attorney but only when assistance is requested. *Williams v. State*, No. 2013-IA-00402-SCT ¶ 21 (Miss. 2013).

13.     Moreover Miss. Code Ann. § 25-31-21 (Rev. 2010) lists three situations in which a district attorney pro tempore shall be appointed: (1) the district attorney is absent, (2) the district attorney is unable to perform his duties, or (3) the district attorney is disqualified. In the current scenario none of these three situations are present, nor is District Attorney Oliver seeking the assistance of the Office of the Attorney General.

14.     In conclusion, Mississippi law does not permit a trial court to disqualify a duly elected and serving district attorney and replace her with the attorney general when the district attorney has decided in a lawful exercise of her discretion not to recuse.

15.     Because, as clearly set forth in the foregoing paragraphs, all allegations in Defendant Turner's Motion are unsupported, false and unfounded, and because Mississippi law does permit a trial court to disqualify a district attorney and substitute the same with the attorney general's office, Defendant Turner's Motion should be denied and sanctions should be imposed on counsel opposite for the frivolous Motion filed which has no basis in fact or law.

**WHEREFORE PREMISES CONSIDERED** the State respectfully requests that this honorable Court deny Defendant Turner's Motion for District Attorney's Recusal and to impose sanctions on opposing counsel for making false, derogatory and unfounded accusations against District Attorney Oliver therein.

This the 5th day of February, 2020.

Respectfully submitted,

/s/: Akillie Malone-Oliver
Akillie Malone-Oliver
District Attorney
21st Circuit Court District

6

## CERTIFICATE OF SERVICE

I, Akillie Malone-Oliver, District Attorney, do hereby certify that I have filed by MEC this its *Response to Defendant's Motion to Recuse District Attorney* which gave notice to the following:

Ashley Harris
ashleyharrisesq@gmail.com

Tonya Franklin
powell.franklinlaw@yahoo.com

Alecia Thomas
Thomaslawfirm1@bellsouth.net

This the 5th day of February, 2020

/s/: Akillie Malone-Oliver
AKILLIE MALONE-OLIVER
DISTRICT ATTORNEY
21st CIRCUIT COURT DISTRICT

7

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

PHILIP GERARD TURNER                                          PLAINTIFF

VS.                                             CAUSE NO. 3:21-cv-289-HTW-LGI

AKILLIE MALONE OLIVER, INDIVIDUALLY
AND IN HER OFFICIAL CAPACITY AS DISTRICT ATTORNEY,
YAZOO COUNTY DISTRICT ATTORNEY'S OFFICE,
THE STATE OF MISSISSIPPI,
AND UNKNOWN DEFENDANTS A-D                               DEFENDANTS

### NOTICE OF SERVICE OF WRITTEN DISCOVERY

NOTICE is hereby given, pursuant to Uniform Federal Court Rules, that the Plaintiff has this date caused to be served upon the Defendant the following with the Amended Complaint:

1.      Plaintiff's First Set of Discovery to Defendants

The undersigned retains the original of the above papers as custodian thereof, pursuant to local Uniform Circuit Court Rules.

THIS the 14th day of July 2021.

PHILIP GERARD TURNER, PLAINTIFF

BY: /s/ Ashley N. Harris-Turner
The Law Office of Ashley N. Harris, PLLC
P.O. Box 461
Leland, MS 38756
T: 662-580-5161
F: 662-580-5169

## CERTIFICATE OF SERVICE

I, ASHLEY N. HARRIS, Attorney of record for plaintiff, hereby certify that a true and correct copy of the foregoing was personally served on the following defendants along with a copy of the complaint:

Akillie Malone Oliver, Individually
265 Dixon King Road
Benton, MS 39039

Yazoo County District Attorney's Office
c/o Akillie Oliver, DA
209 E. Broadway Street
Yazoo, MS 39194

Yazoo County District Attorney's Office
c/o/ Mississippi Attorney General
550 High Street
Jackson, MS 39201

State of Mississippi
c/o Mississippi Attorney General
550 High Street
Jackson, MS 39201

SO CERTIFIED on this, the 14th day of July 2021.

/s/ Ashley Harris-Turner
ASHLEY N. HARRIS-TURNER

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

PHILIP GERARD TURNER                                        PLAINTIFF

VS.                                        CAUSE NO. 3:21-cv-289-HTW-LGI

AKILLIE MALONE OLIVER, INDIVIDUALLY
AND IN HER OFFICIAL CAPACITY AS DISTRICT ATTORNEY,
YAZOO COUNTY DISTRICT ATTORNEY'S OFFICE,
THE STATE OF MISSISSIPPI,
AND UNKNOWN DEFENDANTS A-D                                  DEFENDANTS

## PLAINTIFF'S FIRST SET OF DISCOVERY TO DEFENDANTS

COMES NOW Plaintiff, Philip Turner, by and through counsel, and propounds his First Set of Interrogatories, Requests for Production of Documents, and Requests for Admissions to Defendants pursuant to the Federal Rules of Civil Procedure:

### Table of Definitions

Definitions of various words, terms, and phrases contained in these Interrogatories are provided in order to clarify their meaning and to assist Defendants in understanding the objectives of these discovery requests and to locate and furnish the relevant information and materials. It is expressly stipulated by the Plaintiff that an affirmative response on the part of Defendants will not be construed as an admission that any definition contained herein is either factually correct or legally binding on Defendants. Accordingly, as used in these Interrogatories, the following definitions shall apply:

A.      The words "**you**", "**your**", "**yourself**", and "**Defendants**" shall mean Akillie Malone Oliver, the Yazoo County District Attorney's Office, the State of Mississippi, Unknown Defendants A-D and shall include all agents, representatives, employees, attorneys, insurers, bonding companies, adjusters, and all other persons, firms, partnerships, and corporations acting for and on behalf of Defendants.

B.      The word **"document**," as defined by Rule 34 of the Federal Rules of Civil Procedure, is intended to refer to any medium by which information is recorded, and shall mean and shall include the original and non-identical copy of all writings, drafts, photographs, microfilm records, microfiche records, photograph records, drawings, maps, plats, tape recordings, data compilations from which information can be obtained or translated, and all other writings of any kind, nature, or description, which are in the possession, custody, or control of Defendants or any person, firm, partnership or corporate entity acting for or on behalf of Defendant, and shall include the original and all copies and drafts of all agreements, communications, files, papers, books, accounts, letters, correspondence, telegraphs, telegrams, memoranda, summaries or records of telephone conversations, sound recordings, minutes, records of personal conversations, negotiations, meetings, conferences, interviews, tapes, diaries, graphs, reports, vouchers, blank checks, invoices, charge slips, receipts, notes, notebooks, plans, drawings, sketches, maps, interoffice communications, projections, analyses, opinions or reports of consultants, statistical records, drafts, working papers or summaries, brochures, pamphlets, advertisements, computer data or data stored in computers, computer printouts, and all other writings, pictures or symbols of any kind, however denominated.

C.      The word **"identify**," as used in these Requests means to state the origin, nature or definitive characteristic of the person, document, event, incident or subject inquired about.

D.      The word **"describe**," as used in these Interrogatories, means to define, delineate, explain, illustrate, recount, render, or provide a narrative, chronological history of the event, incident, occurrence, object, or thing inquired about.

E.      The word **"similar**," as used in these Requests, means resembling, corresponding, or being related in terms, content, characteristics, or provisions.

F.      The word **"information,"** as used in these Requests, shall mean both facts and applicable principles, and shall not be construed to be limited by any method of acquisition or compilation, and should, therefore, be construed to include oral information as well as documents.

## INSTRUCTIONS REGARDING YOUR RESPONSES
## TO THESE DISCOVERY REQUESTS

Answers to these Interrogatories, Requests for Production, and Requests for Admissions hereby propounded are sought on a continuing basis during the pendency of this civil action in accordance with the provisions of the Federal Rules of Civil Procedure.  You are requested to note the following in making your responses to each of these requests, or supplemental answers, as the case may be:

A.      Please furnish any information or tangible things which are in your possession of which are accessible to you by a reasonable inquiry.

B.      If after you have made reasonable inquiry to obtain the necessary information, you were still unable to make a complete response to a particular Request or Requests, please respond to the fullest extent possible.  In doing so, please specify the part of the Request you are unable to respond to or to which you object.

C.      When your response includes a document, please furnish clear and legible copies of such document, and please include a copy of the entire document and all the pages and attachments to the document.

D.      A request for any particular document or thing is a request for the original, for each and every photocopy or duplicate of that document or thing, and for each and every draft of the document or thing.  The documents and things to be produced should, at the time of production, be organized and labeled to correspond to the enumerated requests below.  In the alternative, they may be produced as they are kept in the ordinary course of business, if it is possible to do so.

E.     You are to produce not only the documents and things in your immediate possession, but also those over which you have custody or control, including but not limited to documents and things in the possession, custody, or control of your attorney(s), any investigator employed by you or by your attorney(s), or any consultant or expert witness employed by you or by your attorney(s).

F.     The following requests are continuing.  After serving your initial response to these requests, please supplement your response whenever any document(s) or thing(s) meeting any of the enumerated descriptions below come into your possession, custody, or control.

G.     If, in response to a particular request, an objection is interposed, and the objection applies to some but not all of the documents requested, please produce all responsive documents and things to which the objection does not apply.  Any and all objections should be interposed by the deadline for your initial response or will be considered waived.

H.     In the event you are asked to admit the truth of any matter by way of a request for admission, your response or objection must be made within 30 days hereof in the form and in the manner required by Fed. R. Civ. Proc. 36.

### INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS

**INTERROGATORY NO. 1:** Please identify any documents, things, photographs, videos or exhibits which you may seek to introduce into evidence.

**REQUEST FOR PRODUCTION NO. 1:** Please produce each document, thing or item of tangible evidence identified by you in your response to the preceding Interrogatory No. 1.

**INTERROGATORY NO. 2:** Please identify by name and address, any and all bonding companies who may be liable for the bonds of the individual Defendants, including in your answer the bond numbers and bond limits.

**REQUEST FOR PRODUCTION NO. 2:**     Please produce each document described in the preceding interrogatory.

**INTERROGATORY NO. 3:**     Do you, your attorney or anyone acting in your behalf know of the existence of any written or recorded statements made by or for a party or witness pertaining to the facts of this cause? If so, please state:

      (a)     the name, present address, telephone number and place of employment of each person whom any such statements were taken;

      (b)     the name, present address, telephone number and employer of the person who took the statement;

      (c)     the name, present address and telephone number of each person having custody of such statements.

**REQUEST FOR PRODUCTION NO. 3:**     Produce a copy of each written or recorded statement described in the preceding interrogatory.

**INTERROGATORY NO. 4:**     With regard to any person whom you may call as an expert witness at the trial of this case, give the following:

      (a)     name, address, telephone number (both home and business) and the name of the employer of such witness;

      (b)     the field of expertise of such witness;

      (c)     a summary of such witness's qualifications;

      (d)     a summary of the substance of the facts and opinions to which each such witness is expected to testify; and

      (e)     a summary of the grounds for each such opinion.

**REQUEST FOR PRODUCTION NO. 4:**    Attach a curriculum vitae of the expert listed in the preceding interrogatory.

**INTERROGATORY NO. 5:**    Please identify by name, address, and telephone number each person known or believed by you to have any knowledge of discoverable matters in this action.

**INTERROGATORY NO. 6:**    Identify by style, court and date filed all civil, criminal, or administrative actions in which you have been involved as a party regarding any claim or lawsuit involving allegations similar to any of the causes of action in this lawsuit, including, but not limited to, malicious prosecution, selective prosecution, negligence, abuse of power and slander, which are the subject of this lawsuit.

**REQUEST FOR PRODUCTION NO. 5:** Please produce a copy of each document, thing or item of tangible evidence identified by you in your response to the preceding Interrogatory No. 4. Also, please complete and return the attached medical release authorizations.

**INTERROGATORY NO. 7:** Describe any insurance agreement under which any insurance business may be liable to satisfy part or all of the judgement which may be entered in this action, or to indemnify or reimburse for payments made to satisfy the judgment, by stating the name of the person or entity insured, the name of the insurer, and the amount of any liability insurance coverage.

**REQUEST FOR PRODUCTION NO. 6:** Please produce a copy of each document, thing or item of tangible evidence identified by you in your response to the preceding Interrogatory No. 5.

**INTERROGATORY NO. 7:** State the names, addresses and telephone numbers of all persons whom you will call as a witness at this trial as well as the substance of their testimony.

**REQUEST FOR PRODUCTION NO. 5:** Please produce a copy of each document, thing or item of tangible evidence identified by you in your response to the preceding Interrogatory No. 7.

**INTERROGATORY NO. 8:**   Was an investigation conducted concerning the incident sued upon? If so, please state the name, address and telephone number and occupation of the person who conducted each investigation and the name, address and telephone number of the person now having custody of each written report made concerning each investigation.

**REQUEST FOR PRODUCTION NO. 6:**   Please produce a copy of each document identified in your response to Interrogatory No. 8.

**INTERROGATORY NO. 9:**   Please state the complete factual basis for any defenses claimed by you to this lawsuit. State with specificity why you are not liable and identity all documents and witnesses who will support such a defense.

**INTERROGATORY NO. 10:**   Please state, in detail and with specificity, whether there has ever been any allegation of malicious or selective prosecution by you, and if so, provide the following:

    (a)     identity and address of the person making such complaint;

    (b)     date of such complaint;

    (c)     circumstances surrounding such complaint;

    (d)     disposition of such complaint.

**INTERROGATORY NO. 11:** Please state, in detail and with specificity, the facts supporting you charging the Plaintiff with Accessory after the Fact to Felonious Child Abuse.

**INTERROGATORY NO. 12:**   Please state with specificity what you presented to the Grand Jury to secure an Indictment on the Plaintiff for Accessory after the Fact to Felonious Child Abuse.

**INTERROGATORY N0. 13:**   Identify what witnesses you subpoenaed to testify against the Plaintiff during the Grand Jury in January 2020, including the substance of their testimony.

**REQUEST FOR PRODUCTION NO. 7:**     Produce the grand jury witness subpoenas issued on behalf of the state to illicit testimony about then-Defendant Philip Turner for the crime he was indicted on in January 2020.

## REQUEST FOR ADMISSIONS

**REQUEST FOR ADMISSION NO.1:** Admit that you acted with malice when prosecuting Philip Turner.

**REQUEST FOR ADMISSION NO.2:** Admit that you knew you did not have probable cause to charge Philip Turner with Accessory after the Fact to Felonious Child Abuse.

**REQUEST FOR ADMISSION NO.3:** Admit that you did not subpoena any witnesses to testify at the January 2020 grand jury against Philip Turner.

**REQUEST FOR ADMISSION NO. 4:** Admit that no witnesses gave incriminating testimony about Philip Turner at the January 2020 grand jury.

**REQUEST FOR ADMISSION NO. 5:** Admit that you violated Philip Turner's constitutional rights by charging him with a crime.

**REQUEST FOR ADMISSION NO. 6:** Admit that you slandered and defamed Philip Turner's character during the course of your prosecution of him.

**REQUEST FOR ADMISSION NO. 7:** Admit that Philip Turner was never expelled from Mississippi State.

**REQUEST FOR ADMISSION NO. 8:** Admit that you knew Philip Turner had never been kicked off the basketball team in college, high school or otherwise.

**REQUEST FOR ADMISSION NO. 9:** Admit that Philip Turner was never expelled from High School.

**REQUEST FOR ADMISSION NO. 10:** Admit that you are liable to Philip Turner for the damages you caused.

**REQUEST FOR ADMISSION NO. 11:** Admit that members of your staff quit as a result of your unfair, malicious prosecution of Philip Turner.

**REQUEST FOR ADMISSION NO. 12:** Admit that members of your staff, who worked with you on this case, called you "The Devil" and said they could no longer work for you.

**REQUEST FOR ADMISSION NO. 13:** Admit that you abused your power as District attorney and prosecuted Philip Turner for a perverse reason.

**REQUEST FOR ADMISSION NO. 14:** Admit that you knew Philip Turner had not committed a felony offense when you prosecuted him.

**REQUEST FOR ADMISSION NO. 15:** Admit that you withheld exculpatory evidence from the grand jury when indicting Philip Turner.

**REQUEST FOR ADMISSION NO. 16:** Admit that you evaded service of process when the constable attempted to serve you with this lawsuit.

**REQUEST FOR ADMISSION NO. 17:** Admit that you are guilty of prosecutorial misconduct and ethical violations surrounding the prosecution of Philip Turner.

**RESPECTFULLY SUBMITTED** this the 14th day of July 2021.

PHILIP TURNER

By: /s/ASHLEY N. HARRIS
Ashley Harris-Turner MSB No. 104621
Attorney for Plaintiff

OF COUNSEL:
The Law Office of Ashley N. Harris, PLLC
P.O. Box 461
Leland, MS 38756
T:  662-580-5161
F: 662-580-5169
E: ashleyharrisesq@gmail.com

## CERTIFICATE OF SERVICE

I, ASHLEY N. HARRIS, Attorney for Plaintiff, do hereby certify that I have this day,

caused a true and correct copy of the above and foregoing *Plaintiff's First Set of Discovery to*

*Defendants* with notice of service to be filed on the ECF filing system, and personally served with

the Complaint to the following Defendants:

Akillie Malone Oliver
265 Dixon King Road
Benton, MS 39039

Lynn Fitch, Esq.
Mississippi Attorney General
550 High Street
Jackson, MS 39201

**CERTIFIED,**  this the 14th day of July 2021.

/s/ASHLEY HARRIS-TURNER
ASHLEY HARRIS-TURNER