IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

PHILIP GERARD TURNER                                                     PLAINTIFF

V.                                          CAUSE NO. 3:21-cv-289-HTW-LGI

AKILLIE MALONE OLIVER, INDIVIDUALLY
AND IN HER OFFICIAL CAPACITY AS DISTRICT ATTORNEY,
YAZOO COUNTY DISTRICT ATTORNEY'S OFFICE,
THE STATE OF MISSISSIPPI,
AND UNKNOWN DEFENDANTS A-D                            DEFENDANTS

**MEMORANDUM OF AUTHORITIES IN
SUPPORT OF MOTION TO STAY DISCOVERY**

COME NOW, the Defendants, District Attorney Akillie Malone Oliver, Individually and in her Official Capacity as District Attorney, the Yazoo County District Attorney's Office, and the State of Mississippi, by and through their attorney, and file this their Memorandum of Authorities in Support of Motion to Stay Discovery pending resolution of their Motion to Dismiss pursuant to Rule 16(b)(3)(B) of the Uniform Local Rules of the United States District Courts for the Northern and Southern Districts of Mississippi and, in support thereof, would respectfully show unto this Honorable Court the following, to-wit:

**I. INTRODUCTION**

On July 14, 2021, Plaintiff filed his Amended Complaint with this Court, alleging various state-law and federal-law based claims against the above-named Defendants and other unknown Defendants including the "Fourth and Fourteenth Amendments." *See* Amended Complaint [Dkt# 2] at ¶ 3. Plaintiff also references "violations of Due Process and the Equal Protection Clause of the United States Constitution." *Id.* A host of state-law based/common law claims are also referenced in connection with Miss. Code Ann. § 11-46-11. Although Plaintiff fails to cite 42 U.S.C. § 1983 (Civil damage action for deprivation of federal rights) or 42 U.S.C. § 1988 (Attorney fees in

1

proceedings in vindication of civil rights), as Plaintiff seeks monetary (rather than equitable) relief, as well as attorney fees, and because jurisdiction is expressly predicated upon 28 U.S.C. § 1343, movants treat the federal claims as being pled under Section 1983.

Contemporaneously with the filing of the Complaint, Plaintiff propounded discovery to all of the Defendants. A true and accurate reproduction of the Amended Complaint and discovery is attached hereto to Defendants' Motion to Stay as Exhibit "A." This discovery is premature and improper under Fed. R. Civ. P. 26(d)(1) and L.U.Civ. R. 16 and should be struck or stayed.

All of the allegations against District Attorney Oliver ("Oliver") are predicated upon her work as a public official of the State of Mississippi. As District Attorney of Yazoo County, Mississippi, she is entitled to certain immunities from both discovery, as well as trial, on the federal claims pled, to be discussed *infra* and in the accompanying Memorandum of Authorities in Support of Defendants' Motion to Dismiss. The State of Mississippi is likewise entitled to Eleventh Amendment immunity, along with various other defenses.

## II. STANDARDS

A. Pursuant to Fed. R. Civ. P. 26(d)(1), a party may not seek discovery prior to a Rule 26(f) conference, which states:

> **Timing:** A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order.

The parties have not held a 26(f) conference. Neither is this an exempt proceeding under Rule 26(a)(1)(B).

B. Pursuant to Rule 16(b)(3)(B) of the Uniform Local Rules of the United States District Courts for the Northern and Southern Districts of Mississippi,

**Rule 16. PRETRIAL CONFERENCES**

2

(a) Court Order. The court will issue an Initial Order setting the deadline for the attorney conference required by FED. R. CIV. P. 26(f) and a date for a case management conference [CMC] with the magistrate judge. The court will strive to set the case management conference within sixty days of the filing of the first responsive pleading.

(b) Exceptions:

\* \* \* \*

    (3) Motions to Compel Arbitration and Motions Asserting Immunity or Jurisdictional Defense

        (A) A motion to compel arbitration, or a motion asserting an immunity defense or a jurisdictional defense must be raised by a separate motion as expeditiously as practicable after service of process. A motion asserting lack of jurisdiction must be filed at least seven days before the Case Management Conference or the movant may be deemed to have waived the automatic stay provision of subsection (B).

        (B) Filing a motion to compel arbitration, or a motion asserting an immunity defense or jurisdictional defense stays the attorney conference and disclosure requirements and all discovery, pending the court's ruling on the motion, including any appeal. Whether to permit discovery on issues related to the motion and whether to permit any portion of the case to proceed pending resolution of the motion are decisions committed to the discretion of the court, upon a motion by any party seeking relief.

L.U.Civ.R. 16.1 (b)(3)(A)-(B)(2019).

## DISCUSSION

There are several grounds by which this court would be justified in staying all discovery in this matter pending resolution of Defendants' Motion to Dismiss.

### A. Plaintiff's Discovery is Premature and Improper Under Fed. R. Civ. P. 26(d)(1) and L.U. Civ. R. 16.

Plaintiff filed the initial Complaint in this cause on April 23, 2021, and served the Complaint on the Yazoo County District Attorney's Office, c/o Attorney General Lynn Fitch on July 2, 2021 [Dkt. #6].

Attached to this Complaint was discovery in the form of thirteen (13) Interrogatories and six (6) Request for Production of Documents, along with twelve (12)

Request for Admissions.

Plaintiff filed an Amended Complaint on July 14, 2021, with additional allegations and served the Amended Complaint on the Yazoo County District Attorney's Office, c/o Mississippi Attorney General's Office [Docket #13], and on the State of Mississippi, c/o Mississippi Attorney General [Docket #14].

Attached to the Amended Complaint was additional discovery beyond that served with the original complaint, consisting of thirteen (13) Interrogatories and seven (7) Request for Production, along with seventeen (17) Request for Admissions.

Akillie Malone Oliver, individually, was served the first time on July 22, 2021, with an Amended Complaint and the same discovery as described above.

Likewise, Plaintiff served Yazoo County District Attorney's Office the Amended Complaint, c/o Akillie Malone Oliver on July 22, 2021 with the same discovery attached.

All Defendants object to all of this discovery as being contrary to Rule 26(d)(1) of the Fed. R. Civ. P. which states:

> Timing: A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order.

No Rule 26(f) conference could have taken place between Plaintiff and Defendants' counsel prior to the filing of Plaintiff's initial Complaint or the Amended Complaint. In fact, no 26(f) conference has ever taken place. Additionally, this proceeding does not fall under any exemption set out in Rule 26(a)(1)(B).

Therefore, all of the discovery propounded as stated above should be stayed or struck as being improperly and prematurely propounded.

Fed. R. Civ. P. 16 provides for a Pretrial Conference at the direction of the Court. The rule allows the Court to modify and control the type and extent of discovery that can take place in a particular case. Serving discovery prior to a 26(f) conference and before the Pretrial Conference violates the purpose of Rule 16 along with L.U. Civ. R.

16 plays mischief with the Court's authority to manage, limit, and control the subject matter upon which discovery may be conducted.

For this reason, all of Plaintiff's discovery propounded herein should be stayed or struck.

### B. Prosecutorial Immunity (Individual Capacity Federal Claims)

The gravamen of Plaintiff Phillip Gerard Turner's federal claims are all grounded in Oliver's District Attorneys Office decision to prosecute Turner, the principal at a public school where Oliver's child once attended. According to the Complaint, witnesses refused to "corroborate [Oliver's] theory of assault" against another public school official, one "Carter," the school resource officer, for an alleged assault against another minor child in Carter's charge (one only identified in the complaint as "J.B"). Amended Complaint at ¶ 5. There are claims that Oliver committed misconduct before a grand jury (Amended Complaint at ¶ 8) and participated in the investigation of the claims against Turner prior to indictment. (Amended Complaint at ¶ 5) As currently pled, none of these claims overcome Oliver's entitlement to absolute prosecutorial immunity. *See Burns v. Reed*, 500 U.S. 478, 492 (1991) (noting that a consensus of the Courts of Appeals grant absolute immunity to prosecutorial conduct before grand juries); *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993).(prosecutor's evaluation of the evidence pre-indictment is entitled to absolute immunity*); Imbler v. Pachtman*, 424 U.S. 409 (1976). As detailed within her Motion to Dismiss, as to all of the federal claims Turner has attempted to plead in this action, Oliver is entitled to absolute immunity from Turner's claims, arising as they do from "the duties of the prosecutor in [her] role as advocate for the state," as well as in her "actions preliminary to the initiation" of Turner's ultimate prosecution. *Buckley v.*

*Fitzsimmons*, 509 U.S. 259, 272 (1993).[1]

Discovery should be stayed pending resolution of this issue.

### C. Eleventh Amendment Immunities (Official Capacity State/Federal Claims)

Additionally, because all of the official capacity claims (both state and federal) are subject to Eleventh Amendment immunity, regardless of the relief requested against Oliver in her official capacity (declaratory v. damages), discovery should be stayed pending resolution of the motion to dismiss. *See Quern v. Jordan*, 440 U.S. 332, 337 (1979). The State of Mississippi has not consented nor waived its Eleventh Amendment immunity as to claims brought against it in federal court. *See* Miss. Code Ann. § 11-46-1, *et. seq*. "In fact, the Mississippi Legislature has explicitly indicated its intent to preserve the State's immunity for suits brought in federal court." *Towns v. Mississippi Dep't of Corr.*, No. 4:19-CV-70-SA-JMV, 2020 WL 1249904, at *4 (N.D. Miss. Mar. 16, 2020) *citing* Miss. Code Ann. § 11-46-5(4) ("Nothing in this chapter shall be construed to waive the immunity of the state from suit in federal courts guaranteed by the Eleventh Amendment to the Constitution of the United States."). *See also Aguilar v. Texas Dept. Of Criminal Justice*, 160 F.3d 1052, 1053 (5th Cir. 1998). All claims against Oliver in her official capacity are likewise claims against her office, Defendant Yazoo County District Attorney's Office, and against Defendant the State of Mississippi. As such, discovery should be stayed on all claims, whether state-law based or federal, until a determination is made as to merits of this

---

[1] While there is much commentary in the Complaint about the alleged motives of District Attorney Oliver in pursuing the prosecution of Turner, to include personal animosity against Turner, Amended Complaint at ¶ 4, these motivations are not relevant as absolute immunity "is not defeated by a showing that a prosecutor acted wrongfully or even maliciously.... The decision to prosecute ... even if malicious and founded in bad faith, is unquestionably advocatory[.]" *Lomaz v. Hennosy*, 151 F.3d 493, 498 n.7 (6th Cir. 1986).

6

defense as to Oliver in her official capacity, Defendant Yazoo County District Attorney's Office, and Defendant the State of Mississippi . *Quern v. Jordan*, 440 U.S. 332, 337 (1979); *Pennhurst State Sch. And Hosp. v. Halderman*, 465 US. 89, 120-21 (1984).

### D. § 1983 Persons Subject to Liability (Official Capacity Federal Claims)

Additionally, because neither the Yazoo County District Attorney's Office, the State Of Mississippi nor Defendant Oliver in her official capacity are "persons" within the meaning of 42 U.S.C. § 1983, discovery should be stayed pending resolution of this issue. Plaintiff is only seeking monetary relief through this action. (Complaint at ¶19(a)-(e)). 42 U.S.C. § 1983 is the exclusive remedy for Plaintiff's damage claims against Defendants for violations of Due Process and the Equal Protection Clauses of the United States Constitution.

Defendant District Attorney Akillie Malone Oliver is not a "person" within the meaning of 42 U.S.C. § 1983 in her official capacity. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989); *Hafer v. Melo*, 502 U.S. 21, 26 (1991) ("[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983" and are entitled to immunity whether the claim arises under state or federal law). Also Defendant Yazoo County District Attorney's Office as an agency/political subdivision of the State of Mississippi, is not a "person" within the meaning of 42 U.S.C. § 1983. *Cheramie v. Tucker*, 493 F.2d 586, 587 (5th Cir. 1974). Moreover, Defendant the State of Mississippi, is not a "person" within the meaning of 42 U.S.C. § 1983. *Monroe v. Pape*, 365 U.S. 167 (1961). *See also Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989). Neither the Yazoo County District Attorney's Office nor Oliver in her official capacity are "persons" within the meaning of § 1983 *Hafer v. Melo,* 502 U.S. 21, 26 (1991) ("[N]either a State nor its officials acting in their official capacities are 'persons'

under § 1983" and are entitled to immunity whether the claim arises under state or federal law).

### E. Discretionary Dismissal Pursuant to 28 U.S.C. § 1367(c)(3) (State Law Claims)

28 U.S.C. § 1367 (Supplemental Jurisdiction), provides:

(a) Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution...

\*   \*   \*   \*

(c) The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if-

    (1) the claim raises a novel or complex issue of State law,

    (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

    (3) ***the district court has dismissed all claims over which it has original jurisdiction,*** or

    (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367 (emphasis supplied). As pointed out in the Motion to Dismiss, the dismissal of all of the state claims against Defendants pursuant to 28 U.S.C. § 1367(c)(3) is appropriate where, as here, there is no federal interest advanced by retaining jurisdiction simply to decide any remaining state law-based dispute. This is also a question of law for the Court to decide and discovery should be stayed on the state law based claims pending resolution of Defendants' dispositive motion. *See Certain Underwriters at Lloyd's, London v. Warrantech Corp.*, 461 F.3d 568, 578 (5th Cir. 2006) (explaining "it is our 'general rule' that courts should decline supplemental jurisdiction when all federal claims are dismissed or otherwise eliminated from a case"); *Carnegie -Mellon Univ. v. Cohill*

, 484 U.S. 343, 350 (1988); (general rule is that federal court should decline to exercise jurisdiction over pendent state claims when all federal claims are disposed of prior to trial); *Batiste v. Island Records Inc.*, 179 F.3d 217, 227 (5th Cir. 1999); *Parker & Parsley Petroleum Co. v. Dresser Indus.*, 972 F.2d 580, 585 (5th Cir. 1992) (same).

F. *Ashcroft v. Iqbal* **Pleading Defense (All Claims)**

Additionally, because all of Turner's claims (both state and federal) "do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief,' " *Gonzalez v. Kay,* 577 F.3d 600, 603 (5th Cir. 2009) quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009), and discovery should be stayed pending resolution of the motion to dismiss on this alternative basis.

Rule 12(b)(6) of the Federal Rules of Civil Procedure requires dismissal of a cause of action when the plaintiff has failed to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A Rule 12(b)(6) motion tests the legal sufficiency of the complaint, and a legally insufficient complaint should not trigger any procedural obligations of the opposing parties pending resolution of the legal dispute at issue. *Iqbal,* 129 S. Ct. at 1954, (2009) ("Because respondent's complaint is deficient under Rule 8, he is not entitled to discovery."); *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353 (11th Cir. 1997) ("Factual challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should, however, be resolved before discovery begins.")[2] Discovery should be stayed on this alternative basis. *See also Wicks v.*

---

[2] *See e.g. Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987) (the idea that discovery should be permitted before deciding a motion to dismiss "is unsupported and defies common sense [because t]he purpose of F. R. Civ. P. 12(b)(6) is to enable defendants to challenge the legal sufficiency of complaints without subjecting themselves to discovery"). *McCabe v. Foley*, 233 F.R.D. 683, 685 (M.D. Fla. 2006) (stay

9

*Miss. State Emp't Servs.*, 41 F.3d 991, 996 (5th Cir. 1995) ("[t]o merely make the charge is insufficient; the complaint must 'state with factual detail and particularity the basis for the claim which necessarily includes why the defendant-official cannot successfully maintain the defense of immunity.'"); *Pierce v. Smith*, 117 F.3d 866, 871-72 (5th Cir. 1997); *Salas v. Carpenter*, 980 F.2d 299, 306 (5th Cir. 1992).

### G. Mississippi Tort Claims Act Defenses

In the alternative, the Mississippi Tort Claims Act provides the exclusive civil remedy for tort actions against the state, its political subdivisions, and its employees. Governmental employees, such as Oliver may be sued in her official capacity under the MTCA, "but no employee shall be held personally liable for acts or omissions occurring within the course and scope of the employee's duties." Miss. Code Ann. § 11–46–7(2). Miss. Code Ann. § 11-46-9(1)(d) provides that a governmental entity and its employees, acting within the course and scope of their employment or duties, are not liable for "... the exercise or performance or failure to exercise or perform a discretionary function or duty ... whether or not the discretion be abused." Because Oliver was acting within the course and scope of her employment with the State of Mississippi, in the exercise of "personal deliberation, decision and judgment," Oliver is immune from liability pursuant to Miss. Code Ann. § 11-46-9(1)(d). Moreover, because Oliver, acting in the course and scope of her duties with the Yazoo County District Attorney's Office is entitled to immunity from liability for negligence-based claims pursuant to Miss. Code Ann. § 11-46-7(2), and Turner has failed to factually plead a *prima facie* case for Oliver's liability to

---

warranted where motion would "entirely eliminate the need for. . . discovery."); *Chavous v. District of Columbia Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C. 2001) ("A stay of discovery pending the determination of a dispositive motion is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources.").

Turner for slander, defamation and/or selective prosecution.

## IV. CONCLUSION

Because the Defendants' Motion to Dismiss is predicated entirely upon a pure (unmixed) questions of law – the legal sufficiency of the allegations pled in this action, as well as the Defendants' entitlement to immunity from suit and discovery under the facts as pled, a stay of discovery is appropriate, pending resolution of the present motion. Resolution of the immunity defenses to Plaintiff''s claims should be decided as a threshold issue prior to reaching the question of whether discovery should be allowed in this case. *Williams v. Brooks*, 996 F.2d 728, 730 n.2 (5th Cir. 1993)(qualified immunity is "an entitlement to be free from the burdens of time- consuming pre-trial matters and the trial process itself"); *Backe v. Leblanc,* 691 F.3d 645, 648 (5th Cir. 2012)( the "district court must first find that the plaintiff's pleadings assert facts which, if true, would overcome the defense of qualified immunity" prior to allowing discovery.)

WHEREFORE, PREMISES CONSIDERED, Defendants respectfully pray that all discovery be stayed in this action pending resolution of the Defendants' Motion to Dismiss and for all other relief the Court finds warranted in the premises.

Respectfully submitted, this the 28th day of July, 2021.

                AKILLIE MALONE OLIVER, INDIVIDUALLY
                AND IN HER OFFICIAL CAPACITY AS
                DISTRICT ATTORNEY, YAZOO COUNTY
                DISTRICT ATTORNEY'S OFFICE; THE
                STATE OF MISSISSIPPI

                By:   /s/Alan M. Purdie

Alan M. Purdie, MSB# 4533
PURDIE & METZ, PLLC
Post Office Box 2659
Ridgeland, Mississippi 39158
Telephone: (601) 957-1596
Facsimile:  (601) 957-2449
E-mail:     apurdie@purdieandmetz.com

## **CERTIFICATE OF SERVICE**

I, Alan M. Purdie, hereby certify that I have this date electronically filed the foregoing document with the Clerk of Court using the CM/ECF System, which sent notification of such filing to all attorneys of record.

This, the 28th day of July, 2021.

By: /s/ Alan M. Purdie