IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

PHILIP GERARD TURNER                                                            PLAINTIFF

VS.                                                       CIVIL ACTION NO. 3:21-CV-289 HTW-LGI

AKILLIE MALONE OLIVER,
Individually and in her Official
capacity as District Attorney,
YAZOO COUNTY DISTARICT
ATTORNEY'S OFFICE,
THE STATE OF MISSISSIPPI,                                                       DEFENDANTS
and UNKNOWN DEFENDANTS A-D

## ORDER

Before This Court is the Motion [doc. no. 26] of the Plaintiff, Philip Gerard Turner, for leave to amend his First Amended Complaint.  The Defendants oppose the motion.

Defendants have submitted their memorandum brief, citing two main reasons for opposing the motion.  First, Defendants contend that allowing Plaintiff to file the Proposed Second Amended Complaint [doc. no. 26-1] would be futile.  Defendants argue that Oliver has immunity as to the allegations of the Second Amended Complaint, as well as the previously-filed Complaints.  Secondly, Defendants claim that allowing the amendment of the Complaint would result in undue delay.

As Defendant acknowledges, Plaintiff's Proposed Amended Complaint does streamline some issues, and eliminates some Defendants.  To allow the amendment seems to this court to be the more expeditious way to dispose of the merits of the litigation.  Additionally, since this

1

litigation is still in its early stages, the court does not perceive that allowing the amendment would cause undue delay. Indeed, pursuant to Rule 15(b), amendment can be appropriate during trial or even after trial. Fed. R. Civ. P. 15(b).

This court is persuaded to allow the amendment. Rule 15(a)[1] of the Federal Rules of Civil Procedure "requires the trial court to grant leave to amend 'freely,' and the language of this rule 'evinces a bias in favor of granting leave to amend.' " *Legate v. Livingston,* 822 F.3d 207, 211 (5th Cir. 2016) (quoting *Lyn–Lea Travel Corp. v. Am. Airlines, Inc.*, 283 F.3d 282, 286 (5th Cir.2002). See also *Chitimacha Tribe of La. v. Harry L. Laws Co.,* 690 F.2d 1157, 1162 (5th Cir.1982); See also *Brandon v. Holt*, 469 U.S. 464 (1985) (amendments to pleadings are to be liberally allowed).

The court is not required to grant leave to amend where the amendment is futile; however, this court cannot say, at this point, that all of Plaintiff's potential claims are without merit. Additionally, it is appropriate for the court to consider judicial economy and the most expeditious way to dispose of the merits of the litigation. *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981) (citing *Zenith Radio v. Hazeltine Research*, 401 U.S. 321 (1971).

This court also notes that although Defendants ask this court to deny Plaintiff's Motion for Leave to Amend in its entirety, they also ask, alternatively, that this court allow Defendants "another round of briefing limited to the additional claims newly pled and/or recently

---

[1] (a) Amendments Before Trial.
(1) Amending as a Matter of Course. A party may amend its pleading once as a matter of course within:
(A) 21 days after serving it, or
(B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
(2) Other Amendments. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. **The court should freely give leave when justice so requires**. . . .
Fed. R. Civ. P. 15 (emphasis added).

2

transformed as set forth in the proposed Second Amended Complaint…" Defendants' Memorandum Brief [doc. no. 31 p.16].

This court hereby **grants** Plaintiff's Motion for Leave to File Second Amended Complaint **[doc. no. 26].** Plaintiff will file the proposed Second Amended Complaint within seven days of entry of this order, in compliance with L.U. Civ. R. 7(b)(2). Defendants' motion to dismiss the First Amended Complaint **[doc. no. 19]** becomes **moot,** and Defendant is allowed fourteen days from the filing of the Second Amended Compliant in which to file a motion to dismiss based on Plaintiff's Second Amended Complaint.

SO ORDERED AND ADJUDGED, this the 29th day of October, 2021.

                                                s/HENRY T. WINGATE
                                                UNITED STATES DISTRICT COURT JUDGE